STATE OF NEBRASKA, APPELLEE, V. KENNETH D. JONES, APPELLANT.

510 N.W.2d 404

Filed May 11, 1993.   No. A-92-573.

Jerold V. Fennell, of Domina & Copple, P.C., for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

SIEVERS, Chief Judge, and IRWIN and WRIGHT, Judges.

Irwin, Judge.

Kenneth D. Jones appeals from his conviction in Douglas County District Court for driving while his license was under suspension for 15 years, a Class IV felony. He was sentenced to 1 year's imprisonment.

## FACTUAL BACKGROUND

Appellant's driver's license was revoked for 15 years on July 25, 1991. He had pled no contest to a charge of driving while intoxicated (DWI) on May 8. The penalty was enhanced to third offense at a hearing held on May 28. On February 3, 1992, appellant was charged with operating a motor vehicle while under a 15-year or lifetime suspension, a Class IV felony.

On April 30, 1992, a trial was conducted without a jury. Appellant stipulated that officers of the Omaha Police Division observed him driving on the date alleged in the information. He further stipulated that he was observed driving in Douglas County, Nebraska, and that at the time he did not have a valid driver's license. The State offered exhibit 1, which was a certified copy of appellant's 1991 conviction and sentence for third-offense drunk driving. Appellant's counsel objected, and the court deferred ruling on the offer of exhibit 1. The State then rested, and appellant moved to dismiss, which was also taken under advisement. Appellant rested without offering any evidence.

Appellant's objection to exhibit 1 was based in part upon the failure of exhibit 1 to show that appellant was present at the enhancement hearing.

Exhibit 1 is a six-page document offered by the State to prove that appellant's driver's license had been revoked for 15 years, pursuant to Neb. Rev. Stat. § 39-669.07(2)(c) (Cum. Supp. 1990). The first page of exhibit 1 is a yellow document certifying the authenticity of the conviction signed by the deputy clerk of the Douglas County Court. The second page is the docket sheet dated July 25, 1991, reflecting that appellant's license was suspended for 15 years. The third page is the court's register, prepared by the trial judge on May 28, regarding the enhancement hearing, at which the State proved that appellant had two prior convictions for DWI. That document provides a

box which the judge may check, affirming that the defendant made an appearance. There is no checkmark at the appropriate place signifying that he was present. The fourth page reflects the arraignment of appellant. At the May 8 arraignment on the charge of DWI, he waived his right to counsel and pled no contest. Appellant alleges no error regarding this waiver of counsel or plea.

On May 6, 1992, the court entered a "Memorandum and Judgment" finding appellant guilty of felony driving during suspension. The court ruled implicitly in that document that exhibit 1 should be received.

## ASSIGNMENT OF ERROR

Appellant asserts that the trial court erred when it received exhibit 1 into evidence because exhibit 1 failed to show appellant's presence at the enhancement hearing.

## DISCUSSION

### Element v. Enhancement.

This case is factually unusual in that exhibit 1 was used at trial to prove an element of the crime, i.e., that appellant's license had been revoked for 15 years. Section 39-669.07(5) read: "Any person operating a motor vehicle on the highways or streets . . . while his or her operator's license has been revoked pursuant to subdivision (2)(c) . . . shall be guilty of a Class IV felony."

Subdivision (2) of § 39-669.07 read as follows:

> Any person who shall operate or be in the actual physical control of any motor vehicle while in a condition described in subsection (1) of this section [driving under the influence of alcohol or drugs] shall be deemed guilty of a crime and, upon conviction thereof, shall be punished as follows:
>
> . . . .
>
> (c) If such person (i) has had two or more convictions under this section in the ten years prior to the date of the current conviction, (ii) has been convicted two or more times under a city or village ordinance enacted pursuant to this section in the ten years prior to the date of the current conviction, or (iii) has been convicted as described in

subdivisions (i) and (ii) of this subdivision a total of two or more times in the ten years prior to the date of the current conviction, such person shall be guilty of a Class W misdemeanor, and the court shall, as part of the judgment of conviction, *order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of fifteen years* from the date ordered by the court and shall order that the operator's license of such person be revoked for a like period. Such revocation shall be administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked. Such revocation shall not run concurrently with any jail term imposed.

(Emphasis supplied.)

The novelty of the situation before us is that exhibit 1 was used to prove an element of the crime charged as opposed to its being an exhibit offered at a sentencing hearing to enhance the penalty regarding a DWI conviction to second or third offense, such as seen in *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992); *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989); and a long list of less noted cases.

The fact that exhibit 1 was used to prove an element of the crime appellant was charged with appears, however, to be of no consequence. In *State v. Blankenfeld*, 229 Neb. 411, 427 N.W.2d 65 (1988), the Nebraska Supreme Court dealt with a similar situation of felony driving under suspension, which was premised on an earlier third-offense DWI resulting in appellant's lifetime suspension of driving privileges. The Supreme Court held that an allegation by appellant that the prior conviction was void was, in fact, a collateral attack on that conviction and stated that such attempts to attack the validity of a prior third-offense DWI conviction and sentence were improper in the proceedings before the district court on the charge of driving with a permanently revoked license. Quoting from *State v. Davis*, 224 Neb. 518, 398 N.W.2d 729 (1987), the *Blankenfeld* court stated:

"To use a prior conviction as a basis for enhancement, the State need only show that the convicted defendant had, or waived, counsel at the time of such prior

conviction. Other objections to the validity of such prior conviction constitute collateral attacks on that prior conviction and must be raised either by direct appeal from the prior conviction or in separate proceedings commenced expressly for the purpose of setting aside such prior conviction as an invalid judgment."

*State v. Blankenfeld*, 229 Neb. at 416, 427 N.W.2d at 68.

*Collateral Attack.*

Having determined that the case law applicable to collateral attacks on prior convictions at enhancement hearings is applicable to appellant's case before us, we proceed with our analysis.

The law in the State of Nebraska regarding use of prior convictions in an enhancement proceeding is clear. "[T]o prove a prior conviction for enhancement purposes, the State need only show that at the time of the prior conviction the defendant had, or waived, counsel." *State v. Oliver*, 230 Neb. 864, 869, 434 N.W.2d 293, 297 (1989). Accord *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992).

*State v. Oliver*, 230 Neb. at 869, 434 N.W.2d at 297, states:

Objections to the validity of a prior conviction offered for the purpose of sentence enhancement, beyond the issue of whether the defendant had counsel or waived the right to counsel, constitute a collateral attack on the judgment, and must be raised either by a direct appeal from the prior conviction or in separate proceedings commenced expressly for the purpose of setting aside the prior conviction.

We hold, as did the trial judge, that appellant's attack herein was collateral and could only be raised in a separate proceeding. The prior conviction and sentence were properly admissible, since they reflected that appellant had been advised of his right to counsel prior to the entry of his guilty plea and that he waived this right.

While the fact that exhibit 1 failed to reflect appellant's presence at the enhancement hearing is troubling, it does not present a situation any different than that in *Oliver* and *Wiltshire*. It is a collateral attack, which may or may not have

merit, but nonetheless cannot be raised except in a collateral proceeding, since it deals with an issue other than representation by counsel or waiver thereof.

The philosophy for prohibiting collateral attacks on convictions during a trial or enhancement hearing is obvious. To expect a court trying a defendant to make a full inquiry into the background of a prior conviction, which may have been tried years before in another jurisdiction, is unrealistic. The collateral attacks should be made against the prior conviction itself by seeking to have it set aside before the trial begins wherein such prior conviction will be utilized. 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence ¶ 609[11] (1992).

It may seem incongruous to say that a defendant may attack a prior conviction without filing a separate proceeding when the record fails to show the presence or waiver of counsel, yet not allow such an attack when the record fails to show the defendant's presence at the enhancement hearing, but it is not. In *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), the Nebraska Supreme Court reminded us of the reason for the policy prohibiting the use of prior uncounseled convictions. The U.S. Supreme Court pronounced in *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980), that uncounseled prior convictions may not be used because incarceration is such a severe sanction that it should be imposed only when a defendant was represented by counsel or waived this right. Expressed another way, uncounseled prior convictions are presumed to be infirm, unless a proper waiver of counsel appears in the record. When the lack of counsel or proper waiver is shown by the record, it is presumed that the conviction and sentence are faulty. No evidence need be adduced at a separate proceeding to prove such, nor is there any way the State can prove the prior uncounseled conviction is not infirm. However, any other attack is going to require the production of evidence to prove or disprove the soundness of a conviction. Therefore, a separate proceeding is necessary. The instant case is a good example. In a separate proceeding to attack this prior conviction, appellant could testify regarding his presence or absence, audio or stenographic recordings of the

proceedings might be introduced into evidence, the prosecutor who may have been present at the enhancement hearing could testify, and the list goes on. Then the judge in that separate proceeding could make a well-informed and appropriate decision regarding the validity of that conviction and sentence.

The trial judge ruled correctly with regard to exhibit 1.

### CONCLUSION

The sole assignment of error being without merit, we affirm the conviction and sentence.

AFFIRMED.