STATE OF NEBRASKA, APPELLEE, V. LAWRENCE O. WATKINS, JR., APPELLANT.

543 N.W.2d 470

Filed February 13, 1996. No. A–95–593.

Thomas M. Kenney, Douglas County Public Defender, and Stephen P. Kraft for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

HANNON, SIEVERS, and INBODY, Judges.

HANNON, Judge.

Lawrence O. Watkins, Jr., appeals his conviction for operating a motor vehicle while his license was revoked, a Class IV felony. Watkins received a sentence of not less than 4 nor more than 5 years' incarceration. Except for the State's proof of Watkins' prior conviction, the sufficiency of the evidence is not questioned. Neb. Rev. Stat. § 60-6,196(6) (Reissue 1993) requires proof that a defendant's operator's license was revoked pursuant to § 60-6,196(2)(c), in order for the defendant to be convicted. The only proof the State offered of Watkins' prior conviction was a certified copy of the records of the Department of Motor Vehicles (DMV) showing that Watkins' operator's license was revoked, a method of proof allowed by Neb. Rev. Stat. § 60-4,104 (Reissue 1993). This evidence does not prove that Watkins either had counsel or waived counsel at the time he was convicted of the prior offense. Over objection, the trial court admitted this evidence and found it to be sufficient. Watkins appealed. We conclude that the evidence does not prove

that Watkins had or waived counsel, and therefore we reverse the conviction and remand the cause to the trial court with directions to dismiss.

## FACTUAL BACKGROUND

Watkins was charged with driving a motor vehicle in violation of § 60–6,196(6) on August 27, 1994. All of the evidence, except the necessary prior conviction, was admitted by stipulation, and Watkins does not contest its sufficiency. We are only concerned with the admissibility and sufficiency of the State's evidence of Watkins' prior conviction. Therefore, we shall not summarize any other evidence.

The State introduced exhibit 2 to prove Watkins' prior conviction. This exhibit is a certified copy of Watkins' file at DMV. Watkins objected to the introduction of this evidence and, at the close of the State's case, moved to dismiss on the basis that this evidence was insufficient to prove the required prior conviction.

## ASSIGNMENTS OF ERROR

Watkins alleges that the trial court erred (1) in overruling his motion to dismiss at the end of the State's case; (2) in finding him guilty beyond a reasonable doubt, as the evidence adduced at trial was insufficient to establish Watkins waived or had counsel at the time of his prior conviction for third–offense driving while intoxicated; and (3) in imposing an excessive sentence.

## STANDARD OF REVIEW

■ This appeal raises a question of law. In reviewing a question of law, an appellate court reaches a conclusion independent of that of the lower court. *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993).

## DISCUSSION

■ Watkins was convicted of violating § 60–6,196(6), which reads:. "Any person operating a motor vehicle on the highways or streets . . . while his or her operator's license has been revoked pursuant to subdivision (2)(c) . . . shall be guilty of a Class IV felony." Thus, the prior conviction is an essential element of the charged offense.

Section 60–6,196(2) reads as follows:

> Any person who operates or is in the actual physical control of any motor vehicle while in a condition described in subsection (1) of this section [driving under the influence of alcoholic liquor or drugs] shall be guilty of a crime and upon conviction punished as follows:
>
> . . . .
>
> (c) If such person (i) has had two or more convictions under this section in the eight years prior to the date of the current conviction, (ii) has been convicted two or more times under a city or village ordinance enacted pursuant to this section in the eight years prior to the date of the current conviction, or (iii) has been convicted as described in subdivisions (i) and (ii) of this subdivision a total of two or more times in the eight years prior to the date of the current conviction, such person shall be guilty of a Class W misdemeanor, and the court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of fifteen years from the date ordered by the court and shall order that the operator's license of such person be revoked for a like period. Such revocation shall be administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked. Such revocation shall not run concurrently with any jail term imposed.

The trial court ultimately accepted the DMV records and determined Watkins guilty, by relying upon the language of § 60–4,104. Section 60–4,104 provides:

> A copy of the order of the director suspending or revoking any operator's license or the privilege of operating a motor vehicle, duly certified by the director and bearing the seal of the Department of Motor Vehicles, shall be admissible in evidence without further proof and shall be prima facie evidence of the facts therein stated in any proceeding, civil or criminal, in which such suspension or revocation is an issuable fact.

One of the DMV documents contained in exhibit 2 revealed that Watkins was "convicted of DRIVING UNDER INFLU-

ENCE–3RD on 11–05–1992, in the COUNTY Court at OMAHA Nebraska, and that [his] operator's license was revoked for a period of 15 YEARS, beginning 03–22–1993 until 03–22–2008." The State argued that this evidence was admissible and sufficient to establish the prior conviction because § 60–4,104 so provides.

In his brief, Watkins challenges the constitutionality of § 60–4,104. This court must operate as though the statute is constitutional, because this court does not have jurisdiction to decide the constitutionality of a statute. Neb. Const. art. V, § 2; Neb. Rev. Stat. § 24–1106(1) (Cum. Supp. 1994). However, the Court of Appeals does have jurisdiction to determine whether a constitutional question was properly raised. *Bartunek v. Geo. A. Hormel & Co.*, 2 Neb. App. 598, 513 N.W.2d 545 (1994). Watkins did not file a separate written notice that the case involved a constitutional question, as is required by Neb. Ct. R. of Prac. 9E (rev. 1992). We therefore do not consider the constitutionality of § 60–4,104.

■ As a matter of historical perspective, we note that the present § 60–4,104 was initially enacted in 1961 (1961 Neb. Laws, ch. 318, § 1, p. 1018), and it has only been amended once since that time by substituting the word "director" for the phrase "Director of Motor Vehicles," deleting the words "motor vehicle" before the phrase "operator's license," and deleting two commas. 1989 Neb. Laws, L.B. 285. The law on a defendant's right to counsel in such cases developed after this statute was enacted. The case giving rise to right to counsel was *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The *Boykin* rule was applied to misdemeanors in Nebraska in *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). In *State v. Smith*, 213 Neb. 446, 449, 329 N.W.2d 564, 566 (1983), the Supreme Court clarified the State's burden of proof in the use of prior convictions as follows:

> [In an enhancement proceeding,] the burden remains with the State to prove the prior convictions. This cannot be done by proving a judgment which would have been invalid to support a sentence of imprisonment in the first instance. [Citation omitted.] Where a record is silent as to a defendant's opportunity for counsel, we may not presume

that such rights were respected. [Citations omitted.] A defendant's objection to the introduction of a transcript of conviction which fails to show on its face that counsel was afforded or the right waived does not constitute a collateral attack on the former judgment. The objection should have been sustained.

It is difficult to see how the Supreme Court could have been clearer. We conclude that the rule in *Smith* made § 60-4,104 ineffective as a means of proving prior convictions in enhancement proceedings, because the statute does not provide a method to prove that which the Supreme Court has held must be proved.

Both sides spend a large portion of their briefs arguing whether or not the rules regarding collateral attacks of prior convictions at enhancement proceedings apply where the prior conviction is an essential element of a crime. We conclude that the same rules apply, and this issue has generally been determined by *State v. Jones*, 1 Neb. App. 816, 510 N.W.2d 404 (1993). In *Jones*, this court addressed this issue and "determined that the case law applicable to collateral attacks on prior convictions at enhancement hearings is applicable to [the use of prior convictions to prove an essential element of a crime charged]." *Id.* at 820, 510 N.W.2d at 407. See, also, *State v. Yelli*, 3 Neb. App. 148, 524 N.W.2d 353 (1994) (applying enhancement type rules by analogy to paternity criminal nonsupport proceedings), *aff'd as modified* 247 Neb. 785, 530 N.W.2d 250 (1995).

We conclude that in whatever form the evidence of a prior conviction is offered, the State must prove that the prior conviction was counseled or that the defendant waived counsel to establish that the conviction was constitutionally valid. *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991). The State must first lay foundation for its admission by evidence tending to show that the defendant was represented by counsel or that the defendant knowingly or intelligently waived such right. *Id.*

We do not think that the documents used to prove a particular point can dispense with a constitutional right. Thus, we conclude that even though the State, pursuant to the language of § 60-4,104, proved that Watkins' license was revoked in a prior

proceeding, the State did not prove the additional requirement that that conviction was constitutionally sound, as the DMV records were silent as to whether or not Watkins was counseled or waived his right to counsel at the time of the prior conviction. Therefore, the State failed to prove an element that was necessary to sustain the conviction in this case, and it follows that Watkins' conviction in this case must be reversed. The cause is remanded with directions to set aside Watkins' conviction and to dismiss the case.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.