STATE OF NEBRASKA, APPELLEE, V. ROBERT E. LEE, APPELLANT.

550 N.W.2d 378

Filed June 11, 1996.   No. A-95-821.

Brett McArthur for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HANNON, SIEVERS, and INBODY, Judges.

SIEVERS, Judge.

Robert E. Lee was convicted in the district court for Lancaster County of violating Neb. Rev. Stat. § 60-6,196(6) (Reissue 1993) by operating a motor vehicle when his license had been revoked under § 60-6,196(2)(c) for third-offense driving while under the influence of alcohol (DUI). He appeals, arguing that the State should not have been permitted to introduce, over his objection, a certified copy of a Lancaster County Court transcript of his prior conviction and license revocation under § 60-6,196(2)(c). The basis of his objection was that the conviction had been set aside in a "separate proceeding." We conclude that because the prior conviction had been voided in a separate proceeding it should not have been received in evidence against him to support the instant conviction of driving during a 15-year revocation. We therefore reverse.

## BACKGROUND

Lee contests only the admission of the evidence showing the prior revocation of his license. The evidence clearly shows that on December 16, 1994, Lee was driving a motor vehicle on the public streets of Lancaster County. Lee entered a plea of not guilty to the charge of driving during a 15-year revocation, and trial to the court was held on June 9, 1995.

At the outset of the trial Lee made a motion in limine, asking the court to preclude the State from offering any evidence of

Lee's prior conviction for third–offense DUI, because in a separate proceeding which Lee had instituted, the county court had entered an order prohibiting the use of the conviction "for purposes of enhancement." This order is exhibit 1, which is certified by the deputy clerk of the Lancaster County Court to be a full and correct copy of "the original instrument duly filed and of record in this court." Exhibit 1 carries a date of March 15, 1995, and the case No. 91L04–6257, and it states:

> The record of the Court's plea taking on May 17, 1991 clearly does not inform Mr. Lee of his right to a trial by jury.
>
> As such the Court does not believe the May 17[,] 1991 plea may be used for purposes of enhancement.
>
> So Ordered.
>
> /s/ Gale Pokorny
> Lancaster County Judge

In arguing the motion to the district court, Lee's counsel stated that Lee had filed a separate proceeding in case No. 91L04–6257, which was "where Mr. Lee was convicted of third offense drunk driv[ing]." Lee's counsel explained that the basis for the separate proceeding was that Lee had not been properly advised of his constitutional right to a jury trial during the plea proceedings on the prior conviction and that after briefs and oral argument Judge Pokorny entered the order which is exhibit 1. The district court received exhibit 1 into evidence without any objection from the State. The motion in limine was heard after our decision of *LeGrand v. State*, 3 Neb. App. 300, 527 N.W.2d 203 (1995), but before that decision was rejected by the Supreme Court in *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995). Our decision in *LeGrand v. State* held that it was impermissible to attack a prior conviction in an enhancement proceeding, except where the transcript of the prior conviction failed to show that the defendant had or waived counsel. The Supreme Court's decision in *State v. LeGrand* held that separate proceedings were available to collaterally attack previous convictions on grounds set forth in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986) (for free, intelligent, voluntary, and understanding guilty plea, trial court must advise defendant of certain rights, including, where applicable, defendant's right to

trial by jury). Such rights are often referred to as *Boykin* rights." See *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The district judge overruled the motion in limine, relying on our decision in *LeGrand v. State*.

The trial then commenced, and the State introduced evidence which proved that Lee was driving at the time and place alleged. The State offered exhibit 2, which was Lee's driving abstract as certified by the Department of Motor Vehicles. The State also offered exhibit 3 to prove that Lee's driver's license had been revoked prior to his being charged in this case. Lee's attorney objected to exhibits 2 and 3 by renewing the objections stated and argued in the motion in limine. The objection was overruled.

The documents in exhibit 3 clearly show that Lee was found guilty of third–offense DUI pursuant to a plea of guilty on May 17, 1991, and that he was then represented by an attorney. Exhibit 3 is certified by the deputy clerk of the Lancaster County Court as a true copy of the "entry of <u>Complaint, Journal Entries and Order</u> as it appears on the original record of this Court." Examination of the exhibit shows that exhibit 3 is a record of case No. 91L04–6257, the same case as that where Judge Pokorny entered his order, quoted above, prohibiting use of the conviction for enhancement. Exhibit 3 contains the complaint, several pages of a "Case Action Summary," a "Driving While Intoxicated Plea," a "Waiver of Rights – DWI," a "Pre–Arraignment Information" form, and the order sentencing Lee.

Exhibit 3 also contains two entries on the last page of the "Case Action Summary" for case No. 91L04–6257 which are dated 3½ years after the entry of Lee's sentence. The first entry, dated December 2, 1994, states, "Set for hearing on Petition for Sp. Relief. 9:00 Wed. 12–21–94." We take "Sp. Relief" to mean separate relief. In the column next to this entry is a clerk's note stating that both the defense and prosecution were notified of this hearing. The second entry, dated December 21, 1994, is a postponement of the hearing by agreement until January 13, 1995.

The State rested, and Lee moved to dismiss for failure to establish a prima facie case. After this motion was denied,

Lee's attorney reoffered exhibit 1, and it was received without objection. The case was submitted, and the trial court found Lee guilty and in due course sentenced him to not less than 2 nor more than 4 years' incarceration.

## ASSIGNMENTS OF ERROR

Lee alleges that the trial court erred in admitting his prior conviction for DUI, third offense, to support a conviction of driving during a 15-year revocation, when the prior conviction had been held, in a separate proceeding, to be constitutionally infirm.

## STANDARD OF REVIEW

The only issue in this appeal is whether there was valid evidence of a conviction upon which to base a violation of driving when his license had been revoked. Lee does not contest the sufficiency of the other evidence. The only questions raised by this appeal are questions of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995); *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993).

## DISCUSSION

In *State v. LeGrand*, 249 Neb. at 9, 541 N.W.2d at 386, the Nebraska Supreme Court held that "separate proceedings are a valid means to collaterally attack allegedly constitutionally invalid prior convictions used for sentence enhancement." Therefore, the procedure followed in *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), and its antecedents was reaffirmed.

We digress to note that in a prosecution for driving when one's operator's license has been revoked under § 60-6,196(6), proof of the prior conviction under § 60-6,196(2)(c) (third-offense DUI) is an essential element of the offense. *State v. Watkins, ante* p. 356, 543 N.W.2d 470 (1996). The procedure for collateral attack upon a prior conviction being used for enhancement also applies in cases where an essential element of the crime charged is proof of a prior conviction. See *State v. Jones*, 1 Neb. App. 816, 510 N.W.2d 404 (1993).

■ The Supreme Court's decision in *State v. LeGrand* holds that the separate proceeding must be instituted in the court where the prior conviction was had. This was done here. The prior conviction at issue is found in exhibit 3, made up of the records of the county court for Lancaster County in case No. 91L04–6257. Exhibit 3 shows a sentence for DUI, third offense, which includes a 15–year license revocation. The case action summary contained within exhibit 3, as previously recited, contains the court's entry setting a hearing on "Petition for Sp. Relief." Our record does not include the petition for "separate relief" or the record of those separate proceedings, but we do have the county court's judgment. That judgment is exhibit 1, which was entered in case No. 91L04–6257, dated March 15, 1995, and signed by a judge of the Lancaster County Court. The judgment was duly certified as a true and correct copy of the original. Exhibit 1 recites that the record of the court's "plea taking" on May 17, 1991, shows that Lee was not informed of his right to a trial by jury, and as a consequence the May 17, 1991, guilty plea may not be used for purposes of enhancement. During the motion in limine hearing, exhibit 1 was received in evidence without objection. When the same exhibit was offered as part of the defense case, again there was no objection by the State, and it was received into evidence. When the State offered exhibit 3, the court record proving the prior conviction for DUI, third offense, in case No. 91L04–6257, the defense objected on the grounds "stated and argued in my motion in limine."

We repeat those grounds in their entirety here:

[Defense counsel]: As this court is aware, Mr. Lee has previously been convicted of the offense of [DUI]. And prior to this trial we filed a petition to — separate proceeding to collaterally attack the offense found at Docket 91LO4, Page 6257. That was where Mr. Lee was convicted of third offense drunk driv[ing].

We filed that petition in a separate proceeding in front of Judge Gale Pokorny and asked that [the] conviction be set aside for the reason that Mr. Lee was not properly advised of his Constitutional rights. After briefs and oral argument, Judge Pokorny entered the order which is in Exhibit No. 1. And he indicated that Mr. Lee's conviction

cannot be used for the purposes of enhancement, that it was Constitutionally infirm for the reason Mr. Lee was not advised of his right to trial by jury.

It's our position that because of this ruling the State should be precluded from using any evidence that Mr. Lee was ever convicted of third offense drunk driv[ing].

On the basis of our opinion in *LeGrand v. State*, 3 Neb. App. 300, 527 N.W.2d 203 (1995), the district court overruled the objection. The county court ruling in exhibit 1 was a final order on June 9, 1995, when the district court was holding its trial. Because of the order in exhibit 1, neither the authenticity nor the admissibility of which was contested by the State, exhibits 2 and 3, containing the evidence of the prior conviction for third–offense DUI, were inadmissible evidence because that conviction had been ruled to be constitutionally infirm. Thus, whether exhibit 1 makes exhibits 2 and 3 irrelevant or whether the pronouncement in exhibit 1 is seen as simply binding on the district court, the result is the same. When exhibit 1 was offered into evidence in the district court, it was a final judgment on the constitutional validity of that guilty plea. The ruling held that Lee's conviction was constitutionally infirm. As said previously, a conviction is constitutionally infirm and may not be used for enhancement, or as proof of an essential element of a crime, when the conviction is defective because of an inadequate advisory of *Irish–Boykin* rights.

Although the State now argues that exhibit 1 is not proof of a judgment, there was no objection to it at trial on any basis. Moreover, the State never asserted that exhibit 1 was not what it appears to be. The parties proceeded on the basis that exhibit 1 was the county court's order holding that the prior conviction was constitutionally infirm for failure to properly advise Lee of his right to a jury trial. Cases are heard in an appellate court on the theory upon which they were tried. *Sunrise Country Manor v. Neb. Dept. of Soc. Servs.*, 246 Neb. 726, 523 N.W.2d 499 (1994) (because both parties relied on exhibit as containing applicable medicaid regulations, court considered exhibit to contain applicable regulations for purposes of its analysis).

Of the arguments advanced by the State in its brief, most have been rendered ineffective by the Supreme Court's rejection

of this court's decision in *LeGrand v. State, supra.* But two arguments remain. The first is that the rule of *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), which extended the right to a jury trial to third–offense DUI cases, had not been announced at the time the county court denied Lee's request for a jury trial on May 6, 1991. The State argues that the *Wiltshire* rule is not one to be given retroactive application in view of the trial court's original justifiable reliance on the prior law. In support of this proposition, the State cites *State v. Clark*, 217 Neb. 417, 350 N.W.2d 521 (1984) (holding retroactive application of new rule of law is appropriate when it is means of enhancing accuracy of criminal trials, when there has not been justifiable reliance on prior rule of law, and when retroactive application will not have disruptive effect on administration of justice). Even though we might agree with the State's position that the county court wrongfully gave *Wiltshire* retroactive effect in the separate proceeding to void the conviction, we believe there is a different threshold issue. That threshold issue is whether, in the context of the appeal of this criminal conviction, the State may "collaterally" attack the separate proceeding decision.

The separate proceeding concept recently reaffirmed by the Nebraska Supreme Court is gradually acquiring some procedural focus. See *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995) (holding that separate proceeding is to be filed in court where conviction resulted). But see *State v. Oliver*, 230 Neb. 864, 876, 434 N.W.2d 293, 301 (1989), where Justice Shanahan's dissent asks, "What is the 'separate proceeding' available to set aside the prior plea–based conviction?" See, also, *State v. Crane*, 240 Neb. 32, 480 N.W.2d 401 (1992) (Shanahan, J., dissenting). Nonetheless, there is enough clarity about the nature of "separate proceedings" to enable us to draw one fundamental proposition, which is that if "separate proceedings" are to be separate proceedings, as the Supreme Court reaffirmed in *State v. LeGrand*, then any attack upon the result of the separate proceeding must come via an appeal from the separate proceeding result. If this is not the rule, then the notion of

"separateness" becomes merely a fiction, and a procedural morass inevitably results. Accordingly, for the sake of procedural uniformity and clarity, we hold that a party may not attack a separate proceeding decision except by timely direct appeal in *that* case. If the final ruling from a separate proceeding is offered in evidence before a trial court dealing with an enhancement issue or, as in this case, when the prior conviction is an element of the offense, the separate proceeding decision cannot be attacked or "appealed" in the trial court. To hold otherwise would result in a "collateral attack" upon a "collateral attack."

The State's final argument is that proof of the prior conviction by the county court documents, exhibit 3, was not necessary because when arrested, Lee admitted to the arresting officer that he was driving on a "suspended" license, and the officer so testified without objection in the trial of this case. We agree that this was the testimony, but we reach a different conclusion because there are a number of reasons for suspension or revocation of one's driver's license under Nebraska law, including accumulation of points, Neb. Rev. Stat. § 60-4,183 (Reissue 1993), and lack of financial responsibility, Neb. Rev. Stat. § 60-524 (Reissue 1993), to name two. The charge here requires proof of revocation for a particular reason, i.e., DUI, third offense. The officer's testimony did not provide any information as to the specific basis for the "suspension" when Lee made his admission to him, and thus it was not sufficient proof of this element of the crime. This contrasts with *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994), which involved an admission by the defendant that he had the prior conviction as alleged in the complaint. In *Ristau*, proof by a formal record of a conviction was found to be unnecessary when properly waived. This case is obviously different because the admission here is simply to the fact of suspension, not the specific grounds therefor. The specific reasons for the suspension constitute an element of the crime which the State must prove, and the police officer's testimony is patently insufficient for this purpose.

## CONCLUSION

For the reasons set forth herein, the district court erred in admitting the prior conviction, although its error was solely based on its reliance upon a then–unchanged published opinion of this court, for which we obviously cannot fault the district court. However, the Supreme Court's decision in *State v. LeGrand* dictates that we now reverse the district court's judgment and vacate the conviction.

REVERSED AND VACATED.

HANNON, Judge, dissenting.

I am convinced that for two separate but related reasons exhibit 1 is not sufficient to prove that the previous conviction was invalidated in a separate proceeding; therefore, I must dissent. First, the words of the document relied upon by Lee to prove that the prior conviction was vacated do not state in substance that the prior conviction was invalidated. That order contains a finding that Lee was not informed of his right to a trial by jury and then states, "[T]he Court does not believe the May 17[,] 1991 plea may be used for purposes of enhancement." This cannot be interpreted as an order setting aside the conviction. In *State v. LeGrand*, 249 Neb. 1, 11, 541 N.W.2d 380, 387 (1995), the Supreme Court states: "We affirm the denial of LeGrand's petitions *to invalidate the prior convictions* . . . ." (Emphasis supplied.) In my view, exhibit 1 does not prove that the prior conviction was invalidated, as I believe *LeGrand* and its predecessors require.

Second, I do not believe that an order of a court, at least one of limited jurisdiction, unaccompanied by the documentation necessary to show how that court's jurisdiction was invoked, is adequate proof that the order is valid. The evidence necessary to prove in one court that a certain judgment has been rendered or action taken in some other court is not clearly delineated in the cases. 29A Am. Jur. 2d *Evidence* § 1339 at 738 (1994) states:

> A copy of a part of a judicial record is generally inadmissible in evidence; a copy of a judicial record offered in evidence must contain the whole record. A judgment entry alone, unaccompanied by any other part of the record of such judgment or any sufficient explanation

of its absence, when offered in evidence for a purpose other than to show the fact of its rendition, is inadmissible if an objection is properly made . . . .

In 7 John H. Wigmore, Evidence in Trials at Common Law § 2110 at 649 (James H. Chadbourn rev. 1978), the issue of the necessary contents of a judicial record as evidence is discussed, and in summary the author concludes that "the scope of the copy will depend upon the *nature of the issue in hand*. No fixed rule can be laid down; the substantive law applicable to the case in hand will have an important bearing." (Emphasis in original.) To paraphrase Professor Wigmore, I think that the contents of the certified document necessary to prove a particular judicial action depend upon the judicial action sought to be proved. For instance, the Supreme Court held that proof of a prior conviction is properly made by offering into evidence the complaint or information, the judgment rendered on the verdict or plea of guilty, and evidence that the judgment became final. *Danielson v. State*, 155 Neb. 890, 54 N.W.2d 56 (1952). In my opinion, in order to prove in one court that a conviction of another court has been invalidated, analogous certified documentation must be offered, that is, a copy of the petition to set aside the conviction and documents showing that appropriate notice was given to the State and that a hearing was held, in addition to an intelligible order vacating the previous conviction. The document relied upon by Lee met none of these requirements.