STATE OF NEBRASKA, APPELLEE, V. ROBERT E. LEE, APPELLANT.
558 N.W.2d 571

Filed January 31, 1997.   No. S-95-821.

Brett McArthur for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ., and CASSEL, D.J.

WRIGHT, J.

Robert E. Lee was convicted in the district court for driving while his operator's license was suspended, in violation of Neb. Rev. Stat. § 60-6,196(6) (Reissue 1993). On appeal, the Nebraska Court of Appeals reversed the conviction, *State v. Lee*, 4 Neb. App. 757, 550 N.W.2d 378 (1996), and we granted the State's petition for further review.

## SCOPE OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. See, *Smith v. State*, 250 Neb. 291, 549 N.W.2d 149 (1996); *State v. Bowers*, 250 Neb. 151, 548 N.W.2d 725 (1996).

## FACTS

On December 16, 1994, Lee was stopped by a Lincoln police officer after the officer observed that Lee's car had an expired in-transit tag. When Lee was asked for his operator's license, he responded that he did not have one because it had been suspended. Lee was arrested and charged under § 60-6,196(6) for operating a motor vehicle on the highways or streets of this state while his operator's license was suspended pursuant to § 60-6,196(2)(c).

Lee entered a plea of not guilty. Prior to trial, Lee filed a petition in Lancaster County Court seeking to set aside his third-offense driving while under the influence of alcohol (DUI) conviction on the grounds that it was constitutionally infirm because he had not been advised of his right to a trial by jury. Lee had not previously appealed or otherwise challenged this

third-offense DUI conviction. On March 15, 1995, Judge Gale Pokorny entered an order stating:

> The record of the Court's plea taking on May 17, 1991 clearly does not inform Mr. Lee of his right to a trial by jury.
>
> As such the Court does not believe the May 17[,] 1991 plea may be used for purposes of enhancement.
>
> So Ordered.
>
> /s/ Gale Pokorny
> Lancaster County Judge

At trial, Lee made a motion in limine asking the district court to preclude the State from presenting any evidence of Lee's prior conviction for third-offense DUI. In support of his motion, Lee offered Judge Pokorny's March 15, 1995, order, and the State made no objection. Lee's motion in limine was overruled. The State then offered a copy of Lee's prior plea of guilty to the third-offense DUI charge, as well as Judge Pokorny's order suspending Lee's privilege to operate a motor vehicle for a period of 15 years. The court admitted this evidence. Lee was found guilty of driving with a suspended license and sentenced to a period of imprisonment of not less than 2 nor more than 4 years.

Lee appealed, assigning as error the district court's admission of evidence of his allegedly invalid prior conviction to support a conviction for driving during a 15-year suspension. The Court of Appeals reversed the order, concluding that because the prior conviction had been voided in a separate proceeding, it should not have been received into evidence against Lee to support a conviction for driving during a 15-year suspension. We granted the State's petition for further review.

## ASSIGNMENT OF ERROR

In summary, the State's petition for further review asserts that the Court of Appeals erred in finding that Lee's third-offense DUI conviction had been set aside and voided in a separate proceeding and in subsequently reversing Lee's conviction for driving during a 15-year suspension.

## ANALYSIS

The issue is whether Lee's third-offense DUI conviction may be used to support his conviction for driving during a 15-year

suspension. Lee alleges that the district court erred in admitting evidence of his prior conviction for third-offense DUI to support a conviction for driving during a 15-year suspension, because the prior conviction had been held, in a separate proceeding, to be constitutionally infirm.

Section 60-6,196(6) provides: "Any person operating a motor vehicle on the highways or streets of this state while his or her operator's license has been revoked pursuant to subdivision (2)(c) of this section shall be guilty of a Class IV felony." Section 60-6,196(2)(c) declares that if a person who operates a motor vehicle under the influence

> (i) has had two or more convictions under this section in the eight years prior to the date of the current conviction . . . such person shall be guilty of a Class W misdemeanor, and the court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of fifteen years . . . .

In a prosecution for driving when one's operator's license has been suspended under § 60-6,196(6), proof of the prior conviction under § 60-6,196(2)(c) is an essential element of the offense. See *State v. Watkins*, 4 Neb. App. 356, 543 N.W.2d 470 (1996). As an element of the offense, the State has the burden to prove the prior conviction under § 60-6,196(2)(c). See *State v. Linn*, 248 Neb. 809, 539 N.W.2d 435 (1995). Such proof must, with some trustworthiness, reflect a court's act of rendering judgment. See *id*. See, also, Neb. Rev. Stat. § 27-901 (Reissue 1995).

In this case, the evidence offered by the State to prove the third-offense DUI conviction reflected that Lee was represented by counsel. Lee alleged, however, that the third-offense DUI conviction was void because he was not advised, as mandated by *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), of his right to a trial by jury.

The challenge of a prior plea-based conviction based on the lack of a *Boykin*-type colloquy constitutes a collateral attack on the judgment. See *State v. Crane*, 240 Neb. 32, 480 N.W.2d 401 (1992). In *State v. Wiltshire*, 241 Neb. 817, 827, 491 N.W.2d 324, 330 (1992), we stated: "Unlike a lack-of-counsel chal-

lenge, which automatically makes the conviction unreliable, a *Boykin* challenge requires a review of the record and a determination of whether the plea was knowing, intelligent, and voluntary." Therefore, the question is whether Lee had the right to mount a collateral attack upon such conviction.

In the present case, Lee could have sought a direct review of his third-offense DUI conviction. Avenues of relief outside a direct review are necessarily limited because of the State's interest in the finality of convictions. The U.S. Supreme Court has stated: " ' "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." ' " *Brecht v. Abrahamson*, 507 U.S. 619, 634, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993). In fact, states have no obligation to provide many of these avenues of relief at all. See, *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Ricker v. Leapley*, 25 F.3d 1406 (8th Cir. 1994). It is the general rule that a collateral attack on a previous judgment is impermissible unless the attack is grounded upon lack of jurisdiction over the parties or subject matter. *State v. Yelli*, 247 Neb. 785, 530 N.W.2d 250 (1995).

The U.S. Supreme Court, while holding that *uncounseled* convictions cannot be used against a person to either support guilt or enhance punishment for another offense, has expressed "a willingness to uphold, under the Due Process Clause, a variety of state procedures for implementing otherwise valid recidivism statutes." *Parke v. Raley*, 506 U.S. 20, 27, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992). In *Parke*, the Court addressed the use of an alleged constitutionally invalid guilty plea under *Boykin* in an enhancement hearing and held that the defendant's motion to suppress the plea was properly overruled. The Court explained:

> *Boykin* involved direct review of a conviction allegedly based upon an uninformed guilty plea. Respondent, however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding. To import *Boykin*'s presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judg-

ments, even when the question is waiver of constitutional rights.

*Parke*, 506 U.S. at 29.

*Parke* indicates that the Due Process Clause may not demand a right to mount a *Boykin*-type collateral attack on a prior conviction. However, states are free to afford their citizens greater due process protection under their state constitutions than is granted by the federal Constitution. See *Michigan v. Long*, 463 U.S. 1032, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983).

In *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), we did, in fact, provide a limited avenue through which a defendant can mount a *Boykin* challenge to a prior offense sought to be used for enhancement. However, we carefully circumscribed the procedures by which a defendant could mount a *Boykin* challenge in enhancement proceedings. A collateral attack based on *Boykin*, if it may be made at all, must be raised in a separate proceeding commenced expressly for the purpose of setting aside the prior conviction. See *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989). In *LeGrand*, we held that the separate proceeding challenging the previous conviction must be brought in the court which rendered the judgment, otherwise the records of one court would be under the control of other courts of coordinate jurisdiction.

We have not previously addressed a defendant's right to present a *Boykin* challenge in a special proceeding in order to invalidate the prior conviction for purposes of its use as an element of a subsequent offense. Clearly, an important distinction lies between recidivist proceedings and crimes where a prior conviction is an essential element. A charge under a recidivist statute, such as those used in enhancement proceedings, does not state a separate offense, but goes to punishment only. See, *Parke v. Raley, supra*; *State v. Oliver, supra*. See, also, *Oyler v. Boles*, 368 U.S. 448, 82 S. Ct. 501, 7 L. Ed. 2d 446 (1962). As such, the issue in an enhancement proceeding is not whether the defendant should be punished at all, but whether the defendant should be punished more harshly for his or her repetitious criminal nature. In contrast, a separate offense which has as an element a prior conviction is still a separate offense, and the only issue is whether the defendant is guilty of that offense or not.

While we chose to grant defendants a limited right to collaterally mount a *Boykin* attack on a prior conviction used for purposes of enhancing their punishment because of the repetitive nature of their conduct, we decline to extend such a right further. We do not grant defendants a right to collaterally attack a prior conviction used as an element of a subsequent offense where such attack is based on the lack of a *Boykin*-type colloquy.

In addition, we note that recidivist statutes are different from statutes which include as a necessary element of the crime a prior offense, insofar as the Legislature, in creating the offense, may have legitimate objectives other than simply punishing a repeated pattern of behavior. Thus, in *State v. Greaser*, 207 Neb. 668, 300 N.W.2d 197 (1981), we held that it was no defense to a charge of escape from official detention that the charge for which the defendant was being held was unfounded for lack of probable cause. In so holding, we looked to the statutory language and noted that unlike a previous escape statute, the charge did not state that the defendant had to be in legal custody, but only that the defendant be "in custody."

In *Lewis v. United States*, 445 U.S. 55, 100 S. Ct. 915, 63 L. Ed. 2d 198 (1980), the U.S. Supreme Court more specifically addressed whether a constitutionally flawed extant prior conviction could constitute the predicate for a subsequent conviction. The Court held that a prior uncounseled conviction for the felony of breaking and entering was properly introduced as an element of the offense of being a felon in possession of a firearm, despite any constitutional infirmities. In so holding, the Court looked to the language of the statute itself and saw that the language revealed unambiguously that its proscription was directed simply at any person who had been convicted. The Court explained that "[n]o modifier is present, and . . . '[n]othing on the face of the statute suggests a congressional intent to limit its coverage to persons [whose convictions are not subject to collateral attack].'" *Lewis*, 445 U.S. at 60 (quoting *United States v. Culbert*, 435 U.S. 371, 98 S. Ct. 1112, 55 L. Ed. 2d 349 (1978)). Thus, the Court concluded:

> The statutory language is sweeping, and its plain meaning is that the fact of a felony conviction imposes a firearm

disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury.

*Lewis*, 445 U.S. at 60-61.

Recognizing the apparent inconsistency with its prior holdings in *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967); *United States v. Tucker*, 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972); and *Loper v. Beto*, 405 U.S. 473, 92 S. Ct. 1014, 31 L. Ed. 2d 374 (1972), the Court in *Lewis* first clarified that it "has never suggested that an uncounseled conviction is invalid for all purposes." 445 U.S. at 66-67. The Court distinguished *Lewis* from prior cases holding that an uncounseled conviction cannot be used for enhancement purposes:

> In each of those cases, this Court found that the subsequent conviction or sentence violated the Sixth Amendment because it depended upon the reliability of a past uncounseled conviction. The federal gun laws, however, focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons. Congress' judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational. Enforcement of that essentially civil disability through a criminal sanction does not "support guilt or enhance punishment," . . . on the basis of a conviction that is unreliable when one considers Congress' broad purpose.

445 U.S. at 67.

Likewise, the language of § 60-6,196, under which Lee was convicted, does not limit the use of the prior third-offense DUI conviction as an element of driving with a suspended license. At the time Lee chose to drive with a suspended operator's license, his third-offense DUI conviction had stood as a final order for over 3 years. Lee, knowing that his license was suspended, bought a car and proceeded to drive it. The fact that the suspension of Lee's license may have been in violation of his *Boykin*

rights does not change the fact that he voluntarily proceeded to defy the order of suspension, in violation of § 60-6,196(6).

The case before us is not an enhancement proceeding. Therefore, the district court had no jurisdiction to consider the merits of the alleged invalidity of the third-offense DUI conviction, and the court was correct to rely on it for purposes of a conviction under § 60-6,196(6). Lee's attempted collateral attack was impermissible.

## CONCLUSION

We decline to extend our holdings in *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995); *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992); and *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989), to permit a defendant to collaterally attack in a special proceeding a prior conviction that is an element of a subsequent offense.

Therefore, we reverse the decision of the Court of Appeals, and we remand the cause to that court with directions to affirm the district court's judgment finding Lee guilty of driving with a suspended license.

REVERSED AND REMANDED WITH DIRECTIONS.