CRAWFORD, Chief Judge
(dissenting):
In contrast to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), this is not the case of a “silent record,” but a record that is replete with evidence demonstrating adequate advice to the accused. The record on the whole affirmatively demonstrates the accused understood the constitutional rights he was waiving and the critical elements of the crime for which he had entered the pleas of guilty. Trial courts are not required to follow a formulistic litany but, in essence, must make sure there is a voluntary plea that is understood by the accused. Clearly, that is true in this case. The majority of courts have considered this issue and refused to vacate a plea simply because the record does not affirmatively show a specific waiver of these three constitutional rights. James E. Bond, Plea Bargaining and Guilty Pleas § 3.8(b) at 3-27 (2d ed.1982); see also Pitts v. United States, 763 F.2d 197 (6th Cir.1985); State v. Lee, 251 Neb. 661, 558 N.W.2d 571 (1997); State v. Branch, 129 Wash.2d 635, 919 P.2d 1228, 1233 (1996)(citing Wood v. Morris, 87 Wash.2d 501, 554 P.2d 1032, 1036-37 (1976)). The colloquy by the trial judge is not a model to be followed, but it is clear that from the thrust of Appellant’s conversation with the judge that he entered an “informed and voluntary” plea. United States v. Burton, 21 C.M.A. 112, 44 C.M.R. 166,169 (1971).
This Court considers the entire record when determining the providence of a guilty plea. United States v. Redlinski, 58 M.J. 117, 119 (C.A.A.F.2003). Even before the military judge allowed Appellant to enter a plea, he made Appellant aware of his rights to discovery, to request witnesses on his behalf, to file and litigate motions, and to present evidence on those motions. The military judge and Appellant’s defense counsel engaged in a protracted discussion on whether the defense would be allowed to present evidence to rebut an implication that his accuser had been a virgin, which discussion also included an issue of “sentence appropriateness” regarding the trials of the other two Marines charged with similar offenses. Appellant was aware of the military judge’s preference to have motions completed prior to pleas “because you never know what’s going to arise.” The judge assured Appellant had been advised by his counsel and then advised that the guilty plea is the “strongest form” proof known to the law and that “the court can find you guilty of the offenses to which you are pleading guilty” without the introduction of any witnesses. See United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247, 253 (1969). Appellant knew that the plea would admit every element of the offense, and that if he chose to plead not guilty, the government would have to prove each and every element of each offense beyond a reasonable doubt before Appellant could be found guilty. Appellant was advised he could be found guilty based on his “pleas of guilty alone.” He admitted he had enough time to talk to his counsel and believed his advice was in his own best interest. He specifically said he was pleading guilty “voluntarily” and that no one had “forced or threatened him to plead guilty.” He indicated he agreed to enter into a stipulation of fact after discussing it completely with his attorney and that it was true, and if entered into evidence could not be contradicted. This advice to the accused lasted approximately 30 minutes and extended over nearly 30 pages of a verbatim record of trial. The judge discussed with Appellant the defense of mistake of fact concerning the age of the victims but agreed that it did not apply.
In the memorandum of pretrial agreement, Appellant admitted that his plea was “volun *415 tary,” and that he was satisfied with his defense counsel. He also admitted his attorney “fully advised [him] of the meaning and effect of [his] guilty pleas. [He] fully underst[oo]d their meaning and all the related effects and consequences.” Id. He waived his right to an investigation pursuant to Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (2000), and his “right to have [his] case tried by members.” The judge advised Appellant that he could request to withdraw his plea any time before sentence was announced. Appellant also said he understood “each and every provision” of his pretrial agreement, including a provision that Appellant “testify truthfully at other trials concerning the offenses to which [he was] pleading guilty” and was satisfied with the advice of his counsel. He had no questions concerning the “meaning and effect” of his guilty plea. The judge then indicated that he found that Appellant “knowingly, intelligently, and consciously waived his rights against self-incrimination to a trial of the facts by court-martial, and to confront the witnesses against him.” There was no objection by either side to that statement.
As the majority correctly notes, the rights to silence, to confi'ont one’s accuser, and to a trial by jury “are central to the American perception of criminal justice” and “fundamental to the military justice system.” So central and fundamental, in fact, that it is a leap of logic to conclude that these rights were unknown to this 22-year-old Marine who was represented by competent counsel, who had negotiated and entered into both a pretrial agreement and a detailed stipulation of fact, and who had discussed his crimes, his agreement to testify in other cases, and many of his trial rights on the record before a military judge.
There was substantial compliance with Care, and Rule for Courts-Martial 910. We should follow our superior court and hold that even where there is a failure to make a full inquiry, the failure of the defendant to object constitutes waiver absent plain error. United States v. Vonn, 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); cf. United States v. Benitez, 310 F.3d 1221 (9th Cir. 2002), cert. granted — U.S.-, 124 S.Ct. 921, 157 L.Ed.2d 741 (2003)(rejeeting argument that defendant’s failure to object to lack of advising the defendant that the judge was not bound by the agreement constitutes waiver absent plain error).*
On these facts, I can find no material prejudice to any substantial right of Appellant. His plea was informed and voluntary. This Court should no longer invite appellants and counsel to negotiate a bargain, plead guilty, gain the benefit of the bargain, and then have the conviction set aside with no demonstration of prejudice and every indication of waiver.

The failure to invoke waiver absent plain error invites defense counsels to "plant error.” Victor Kelley, 3 National Military Justice Group 6 (Winter 2004) ("I know of no fiduciary loyalty that the defense owes to the military judge. It may well be that the judge incorrectly advises the accused or omits an element of the offense. Should this occur, and should the prosecutor miss it, the defense has an instant appellate issue.”).