STATE OF NEBRASKA, APPELLEE, V. DANIEL R. SMYTH, APPELLANT.
347 N.W.2d 859

Filed April 27, 1984. No. 83-733.

George E. Clough and R. Bradley Dawson, for appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and McCOWN and BRODKEY, JJ., Retired.

KRIVOSHA, C.J.

The appellant, Daniel R. Smyth, was convicted of operating a motor vehicle while under the influence of alcoholic liquor, third offense, in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1982). The county court for Lincoln County, Nebraska, sentenced Smyth to confinement in the Lincoln County jail for a period of 3 months, imposed a fine of $500 and costs, and ordered Smyth never again to operate or drive a motor vehicle in the State of Nebraska for any purpose, thereby permanently revoking Smyth's operator's license as provided for in § 39-669.07(3). Smyth appealed his conviction to the district court for Lincoln County, Nebraska, where the judgment and sentence were affirmed. For reasons hereinafter set out the sentence is reversed and the cause remanded for further sentencing according to law.

One of Smyth's assignments of error is that § 39-669.07 violates the provisions of Neb. Const. art. I, § 16, and U.S. Const. art. I, § 10. However, an examination of the files and records in this case makes it clear that Smyth has never before raised that constitutional issue and now attempts to raise it for the first time on appeal in this court. It is and has long been the rule that for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. Except in the most

unusual of cases, if it has not been raised in the trial court, it will be considered to have been waived. *State v. Olson, ante* p. 130, 347 N.W.2d 862 (1984); *State v. Hiross,* 211 Neb. 319, 318 N.W.2d 291 (1982); *State v. Mayes,* 183 Neb. 165, 159 N.W.2d 203 (1968).

Smyth has further assigned as error that the county court did not follow the requirements set forth in *State v. Smith,* 213 Neb. 446, 329 N.W.2d 564 (1983), and *State v. Prichard,* 215 Neb. 488, 339 N.W.2d 748 (1983). While the assignment is somewhat vague as to what specifically it is that the county court did not do, counsel conceded at oral argument that our recent decision in *State v. Ziemba,* 216 Neb. 612, 346 N.W.2d 208 (1984), has made moot whatever defects Smyth alleged existed and we need not consider this assignment of error.

We turn, then, to the assignment which does require our examination. To paraphrase the assignment, Did the county court err in finding that the evidence of Smyth's two previous convictions was sufficient for the court to sentence Smyth to the penalty for third offense drunk driving? We believe Smyth is correct in this regard. We have on several previous occasions set out what the rules are regarding the use of previous convictions for enhancement purposes such as those found in § 39-669.07(3). In *State v. Smith, supra* at 449, 329 N.W.2d at 566, we said:

> However, under the present circumstances, the burden remains with the State to prove the prior convictions. This cannot be done by proving a judgment which would have been invalid to support a sentence of imprisonment in the first instance. *Baldasar v. Illinois, supra.* Where a record is silent as to a defendant's opportunity for counsel, we may not presume that such rights were respected.

And in *State v. Ziemba, supra* at 620, 346 N.W.2d at 214, we said:

> There is no requirement that the State prove a

prior conviction by a transcript of the judgment if the defendant admits that he was in fact convicted as alleged in the complaint. However, in accepting such a waiver the trial court must address the defendant and ascertain that he was represented by counsel at the time of the prior conviction or waived his right to counsel.

We believe that with these rules in mind an examination of the present record discloses that these requirements were not met. The complaint originally charged Smyth with having been convicted of two previous offenses, once on *October 7, 1972,* and again on *December 5, 1975.* At the arraignment held on May 13, 1983, the trial court suggested to the state prosecutor that she should obtain certified copies of these previous convictions before Smyth was sentenced. When the court reconvened on June 22, 1983, for the purpose of imposing the sentence, the State still had not acquired certified copies of the prior convictions. A recess was taken in order to permit the State to obtain copies. The record reflects that 30 minutes later the hearing was reconvened and the State asked permission to amend the complaint to charge some dates other than those previously charged: ''MS. McBRIDE: Yes, Your Honor, I would like to amend both prior offenses listed, one was in *1972* and one was in *1975.* I'm going to amend them to the *1981* conviction and the *1977* conviction. Both indicating that defendant was represented by counsel at that time.'' (Emphasis supplied.) The trial court then explained to Smyth that he had the right to contest the prior two convictions, and further explained to Smyth the effect of the court's receiving evidence as to the prior convictions. Smyth indicated that he did not desire a hearing on the prior convictions. Had this been the end of the matter, our rule announced in *State v. Ziemba, supra,* might have sufficed. However, the State still was not content with the confusion which it had already created, and sought to add more.

The following discussion occurred between the various parties:

THE COURT: As soon as the state is done, I will ask you — the State is alleging that you were previously convicted of drunk driving, *January 9th, 1981* in Lincoln County. Were you so convicted - - -

MR. SMYTH: Yes, sir.

THE COURT: - - - of drunk driving in Lincoln County, 1981 — January, 1981. Is that right?

MR. SMYTH: Yes, sir.

THE COURT: And were you also convicted of drunk driving in *December of 1977* in Lincoln County?

MR. SMYTH: Yes, sir.

THE COURT: Is that the evidence, then, that the state would be presenting?

MS. McBRIDE: Your Honor, I can't find a Journal Entry for the '76 one — or, '77 one (indiscernible). Now this one would be the *23rd of June, 1976* — I'm going to list that one, I can't seem to find - - -

. . . .

THE COURT: Now let's ask. *June 23rd, 1976*, drunk driving in Lincoln County Court.

MR. FLOROM: Were you convicted then?

MR. SMYTH: (Indisernible) [sic] sir.

(Emphasis supplied.) It is upon this record that we are asked to affirm a conviction of third offense drunk driving, based upon two previous offenses charged to have occurred on June 23, 1976, and January 9, 1981, and we are asked to further assume that at each of those hearings Smyth was either represented by counsel or advised of his right and intelligently, voluntarily, and knowingly waived that right. This we cannot do. The record is simply silent as to whether Smyth was ever convicted of drunk driving on June 23, 1976, and whether he was represented by counsel.

Because neither transcript of the previous convic-

tions was offered in evidence, and because the record fails to disclose whether · Smyth admitted to pleading guilty to the charge on June 23, 1976, either with counsel or after knowingly and intelligently waiving counsel, we cannot examine the record even in light of our holding in *State v. Ziemba, supra*.

The record in this case consists of the very silent record which in *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), we said was insufficient. For that reason we are left with no alternative other than to reverse and remand this case to the trial court for proper sentencing in accordance with law. The record as presented to this court will not support the sentence imposed.

REVERSED AND REMANDED WITH DIRECTIONS.