STATE OF NEBRASKA, APPELLEE, V. SCOTT A. RISTAU, APPELLANT.
511 N.W.2d 83

Filed January 28, 1994.   No. S-93-020.

Martin G. Cahill, Dakota County Public Defender, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

FAHRNBRUCH, J.

Because the record fails to show he had counsel, or waived counsel, during a prior conviction for driving while under the influence of alcohol, Scott A. Ristau claims his sentence for second-offense driving while under the influence of alcohol is invalid.

We vacate the second-offense sentence and remand the cause to the district court for Dakota County with direction to remand it to the Dakota County Court with direction to resentence Ristau in accordance with the law.

## FACTS

On September 29, 1992, pursuant to a plea agreement, Ristau pled guilty to (1) driving under the influence of alcohol, second offense, and (2) resisting arrest. In return for the pleas, the State dismissed several other charges.

At Ristau's plea hearing in the county court, the State summarized the facts supporting the charges to which Ristau entered pleas of guilty. In reciting those facts, the prosecutor stated that "the defendant has a previous conviction for driving under the influence of alcohol in proceeding [sic] in this court concluding on Jan- — June 4, 1990, said offense having occurred on March 16, 1990. Based on those facts, the defendant was charged with driving under the influence of alcohol, second offense." The same information was contained in the complaint charging Ristau with driving under the influence of alcohol, second offense.

The county judge asked Ristau whether the facts as stated by the prosecutor were correct, and Ristau answered, "Yes, Your Honor." The judge did not ask Ristau whether he had been represented by counsel or whether he had waived counsel during his prior conviction. No certified copy of the prior

conviction was offered or received into evidence.

The county judge found a factual basis for accepting Ristau's guilty pleas and found him guilty on both charges. For driving while under the influence of alcohol, second offense, the court sentenced Ristau to 30 days in jail, fined him $500 plus court costs, and revoked his driver's license for 1 year. Ristau also was sentenced to 90 days in jail for resisting arrest. His jail sentences were ordered to run concurrently. On appeal to the district court for Dakota County, Ristau's convictions and sentences were affirmed. Ristau timely appealed.

## ASSIGNMENT OF ERROR

Ristau's sole assignment of error on appeal to this court claims that the district court erred in finding that the lower court found a valid second offense (of driving while under the influence of alcohol).

## ANALYSIS

We first address the State's contention that this court need not consider Ristau's assignment of error because it was not properly raised. The State contends that Ristau failed to file a timely statement of errors on appeal from the Dakota County Court in accordance with Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1992). Included in the record before this court is a certificate of transcript from the district court which establishes that Ristau timely filed a statement of errors on October 28, 1992. The State concedes this fact in its brief.

Thus, the State's real contention seems to be that this court cannot consider Ristau's assignment of error because the record before us does not contain an actual copy of the statement of error filed by Ristau in the district court.

In reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, a higher appellate court will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the higher appellate court. See, *State v. Gerstner*, 244 Neb. 508, 507 N.W.2d 490 (1993); *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990).

Because the record before us does not contain a copy of Ristau's statement of error filed in the district court, we cannot determine whether he assigned the same error on appeal to the

56

district court as he has on appeal to this court. However, an appellate court may at its option also consider plain error not assigned. See, also, Neb. Rev. Stat. § 25-1919 (Cum. Supp. 1992); *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id.* We elect to review Ristau's appeal for plain error.

In a proceeding to enhance a punishment because of prior convictions, the State has the burden to prove such prior convictions. *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991); *State v. Ellis*, 216 Neb. 699, 345 N.W.2d 323 (1984); *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983). The State cannot meet its burden of proof with a judgment that would have been invalid to support a sentence of imprisonment in the first instance. *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980). We have stated repeatedly that under *Baldasar*, when using a prior conviction to enhance a sentence, the State need only show that at the time of the prior conviction the defendant had, or waived, counsel. See, e.g., *State v. Tejral*, 240 Neb. 329, 482 N.W.2d 6 (1992); *State v. Anderson*, 232 Neb. 349, 440 N.W.2d 257 (1989); *State v. Thompson*, 224 Neb. 922, 402 N.W.2d 271 (1987).

Usually, the State will prove a defendant's prior convictions by introducing certified copies of the prior convictions or transcripts of the prior judgments. See, e.g., *id.*; *Smith, supra.* However, a transcript of judgment which fails to contain an affirmative showing that the defendant had or waived counsel is not admissible and cannot be used to prove a prior conviction. *Nowicki, supra.* Where a record is silent as to a defendant's opportunity for counsel, an appellate court may not presume that such rights were respected. See *Smith, supra.*

This court also has held:

"There is no requirement that the State prove a prior conviction by a transcript of the judgment if the defendant admits that he was in fact convicted as alleged in the complaint. However, in accepting such a waiver the trial court must address the defendant and ascertain that he was represented by counsel at the time of the prior conviction or waived his right to counsel."

*State v. Smyth*, 217 Neb. 153, 155-56, 347 N.W.2d 859, 861 (1984). Accord *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984).

Therefore, although proof of prior convictions to establish second- or third-offense charges of driving while under the influence of alcohol may be waived by the voluntary and intelligent admission of the defendant, there must nevertheless be proof in the record in some form that the prior convictions were obtained at a time when the defendant was represented by counsel or had knowingly waived such right. See *State v. Tichota*, 218 Neb. 444, 356 N.W.2d 85 (1984). Absent such proof on the record, it is plain error for a court to use a defendant's prior convictions to enhance the defendant's sentence. See, e.g., *State v. McPherson*, 235 Neb. 107, 453 N.W.2d 745 (1990); *State v. Huffman*, 222 Neb. 512, 385 N.W.2d 85 (1986).

When a defendant is charged with driving while under the influence of alcohol, second offense, regardless of whether the State introduces evidence to prove a prior conviction or whether the defendant admits a prior conviction, the trial court must advise the defendant that he has a right to review the record of the prior conviction, bring mitigating facts to the attention of the court prior to sentencing, and object to the validity of the prior conviction as provided in Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1990). *Ziemba, supra.*

In this case, the prosecutor produced no certified copies or other evidence of Ristau's prior conviction for driving while under the influence of alcohol, nor did the prosecutor produce any evidence that Ristau had or waived counsel at the time of his prior conviction.

The prosecutor did recite a prior conviction as one of the facts supporting the charge of second-offense driving while under the influence of alcohol, and the county court judge asked Ristau whether those facts were correct. Ristau answered affirmatively. The record fails to show that the county judge ever ascertained whether Ristau was represented by counsel or waived his right to counsel at the time of the earlier conviction or whether the county judge advised Ristau of his rights under § 39-669.07.

The State argues that the county court was not wrong in sentencing Ristau for a second offense because it could take judicial notice of Ristau's prior conviction record and its validity. This argument is without merit.

Neb. Rev. Stat. § 27-201(5) (Reissue 1989) states in part that "[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." In discussing Fed. R. Evid. 201, which is identical to § 27-201, Wright and Graham state that implicit in subsection (5) of the rule is a requirement that the judge "notify the parties that he is taking judicial notice of an adjudicative fact." 21 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5107 at 507 (1977). Moreover, the Due Process Clause of the U.S. Constitution requires that a defendant be informed when a court judicially notices facts. See *Garner v. Louisiana*, 368 U.S. 157, 82 S. Ct. 248, 7 L. Ed. 2d 207 (1961).

The record in this case contains nothing to suggest that the county judge took judicial notice of this or any other fact. Yet the State asks us to infer that the county judge took judicial notice, not only that the record of Ristau's prior conviction exists, but also that the record would show he was represented by counsel or waived counsel in that prior conviction. This we cannot do.

## CONCLUSION

Therefore, we find plain error as to the enhancement of Ristau's sentence for driving while under the influence of alcohol because the record contains no proof that Ristau was represented by or waived counsel in a prior conviction of driving while under the influence of alcohol. We vacate Ristau's sentence for driving while under the influence of alcohol, second offense, and remand the cause to the district court with direction to remand it to the county court with direction to resentence Ristau in accordance with the law. In all other respects, we affirm the judgment of the district court.

SENTENCE VACATED, AND CAUSE
REMANDED FOR RESENTENCING.