STATE OF NEBRASKA, APPELLEE, V. DIXIE A. LINN, APPELLANT.

539 N.W.2d 435

Filed November 17, 1995.   No. S-94-290.

Thomas J. Gaul, Deputy Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and HICKMAN, D.J., Retired.

FAHRNBRUCH, J.

Dixie A. Linn claims that the Hall County Court erred in sentencing her for driving under the influence of alcohol (DUI), third offense, because the State's evidence was insufficient to prove an earlier DUI conviction.

Specifically, Linn's sole contention is that one of the records of an alleged prior conviction offered by the State in support of sentence enhancement was insufficient for such purposes because it was not signed by a judge.

We agree with Linn; we vacate her sentence for third-offense DUI and remand the cause to the district court for Hall County with direction to remand the cause to the Hall County Court for further proceedings.

## STANDARD OF REVIEW

On a claim of insufficiency of the evidence, an appellate court, viewing and construing the evidence most favorably to the State, will not set aside a finding of a previous conviction for the purposes of sentence enhancement supported by relevant evidence. See, *State v. Marks, ante* p. 592, 537 N.W.2d 339 (1995); *State v. Cisneros, ante* p. 372, 535 N.W.2d 703 (1995);

*State v. Derry, ante* p. 260, 534 N.W.2d 302 (1995).

## FACTS

Linn, with counsel present, pled guilty to DUI in Hall County Court on December 2, 1993. At an enhancement hearing held the same day, the State entered into evidence two exhibits purporting to show two earlier convictions for DUI.

Exhibit 1 contains a copy of a complaint for DUI filed against Linn in Hall County Court on June 2, 1992. The third and fourth pages consist of a checklist labeled "Journal Entry." The checklist reflects that Linn appeared with counsel, was apprised of her constitutional rights, and entered a plea of guilty on October 2, 1992. The checklist also shows that Linn stipulated that the June 2 offense was her second DUI offense.

The checklist is signed by the judge, stamped on its face with the seal of the court, and, on the reverse, bears the seal of the Hall County Court clerk attesting that it is a true copy of an original document on file with the court. Linn did not object to exhibit 1's admission into evidence and assigns no error regarding that exhibit.

Exhibit 2 contains a copy of a complaint for DUI filed against Linn in Hall County Court on December 10, 1991. The third and fourth pages also consist of a two-page checklist titled "Journal Entry." This checklist reflects that Linn appeared with counsel, was apprised of her constitutional rights, and entered a guilty plea to DUI.

In contrast to exhibit 1, exhibit 2 fails to reflect that the "Journal Entry" was signed by a judge. The county clerk certified that exhibit 2 is "a true copy of the original on file with this court." The court's seal is affixed to that certification. Exhibit 2 was received into evidence without objection. After receiving it into evidence, the court noted the lack of a judge's signature on the "Journal Entry."

The court then found Linn guilty of DUI, third offense, and sentenced her to 3 months in jail, fined her $500, assessed costs to her, and revoked her motor vehicle operator's license for a period of 15 years.

Linn appealed to the district court for Hall County, claiming that the State's evidence was insufficient to support a conviction

for third–offense DUI because exhibit 2 lacked the signature of a judge. The district court affirmed the judgment of the county court.

Linn appealed to the Nebraska Court of Appeals, arguing that because the journal entry contained in exhibit 2 was not signed by a judge, the district court erred in not finding that the State failed to prove a valid conviction for sentence enhancement. The Court of Appeals' panel, in a two to one decision, affirmed the district court's holding. *State v. Linn*, 3 Neb. App. 332, 526 N.W.2d 683 (1995). After Linn's timely petition, we granted further review.

## ASSIGNMENT OF ERROR

Restated, Linn's sole contention is that the Court of Appeals erred in finding that a sentence for DUI may be enhanced by an earlier conviction where the evidence of the conviction fails to show that a judge signed the judgment or that the judgment was properly filed in the convicting court.

## ANALYSIS

The question before us is whether the "Journal Entry" contained in exhibit 2 is sufficient evidence to prove a conviction in order to enhance a sentence for DUI.

In a proceeding to enhance a sentence because of prior convictions, the State has the burden to prove such prior convictions. *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994); *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991).

In order to establish evidence's sufficient probative force to prove an earlier conviction for the purpose of sentence enhancement, the evidence must, with some trustworthiness, reflect a court's act of rendering judgment. See Neb. Rev. Stat. § 27–901 (Reissue 1989). Exhibit 1 does this, and exhibit 2 does not.

Exhibit 1 contains a journal entry signed by the judge, stamped on its face with the court's seal, and certified by the court clerk that it is a true copy of an original document on file with the court. The judge's signature and the court's seal reflect the court's act of rendering judgment, and the document's origin is supported by the court clerk's certification that it is a true

copy of an original document on file with the court. See, Neb. Rev. Stat. § 25–2729(3) (Reissue 1989); § 27–901.

In contrast, exhibit 2 is not signed by a judge. It bears only the certification of the Hall County Court clerk that it is a true copy of a document found in the court's files. The court clerk's certification stamp attesting to the accuracy of the copy provided is of little value in weighing the document's probative weight when its contents are not supported by a judge's signature. As such, we agree with Linn that exhibit 2 fails to reflect the judicial act of rendering judgment and is insufficient to prove an earlier conviction for the purposes of sentence enhancement.

We note, however, that exhibit 1 shows that Linn stipulated at her October 2, 1992, trial that the June 2 DUI offense was her second DUI offense. There is no requirement that the State prove a prior conviction by a transcript of the judgment if the defendant admits that he or she was, in fact, convicted as alleged in the complaint. *Ristau, supra*; *State v. Smyth*, 217 Neb. 153, 347 N.W.2d 859 (1984). In Linn's case, there is no evidence in the record that the trial court asked Linn if she had, or waived, counsel at the conviction proceedings to which she stipulated. In accepting a waiver of counsel, the trial court must address the defendant and ascertain that the defendant was represented by counsel at the time of the prior conviction or waived his right to counsel. See, *Ristau, supra*; *Smyth, supra*; *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984).

There is no evidence in the record that the court took judicial notice of the fact that Linn had stipulated at her October 2, 1992, trial that the June 2, 1992, offense was her second DUI offense. Neb. Rev. Stat. § 27–201(5) (Reissue 1989) states in part that "[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." In discussing Fed. R. Evid. 201, which is identical to Nebraska's § 27–201, Wright and Graham state that implicit in subsection (e) of the federal rule is a requirement that the judge "notify the parties that he is taking judicial notice of an adjudicative fact." 21 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5107 at 507 (1977). See § 27–201(5). Moreover, the Due Process Clause of the U.S. Constitution

requires that a defendant be informed when a court judicially notices facts. See *Garner v. Louisiana*, 368 U.S. 157, 82 S. Ct. 248, 7 L. Ed. 2d 207 (1961).

Finally, there is no evidence in the record that the trial judge used Linn's stipulation made at her October 2, 1992, trial to determine that Linn's latest DUI offense was her third. The record plainly shows that the trial court treated exhibits 1 and 2 as evidence of two separate earlier DUI convictions.

Viewing and construing the evidence most favorably to the State, an appellate court will not set aside a finding of an earlier conviction used for sentence enhancement which is supported by relevant and competent evidence. See, *State v. Marks, ante* p. 592, 537 N.W.2d 339 (1995); *State v. Cisneros, ante* p. 372, 535 N.W.2d 703 (1995); *State v. Derry, ante* p. 260, 534 N.W.2d 302 (1995). When evidence lacks sufficient probative force as a matter of law, an appellate court may set aside a finding of a previous conviction for the purposes of sentence enhancement as unsupported by the evidence. See *State v. One 1985 Mercedes 190D Automobile*, 247 Neb. 335, 526 N.W.2d 657 (1995).

The State offered no other evidence of Linn's purported 1991 conviction for DUI. Even when viewing and construing exhibit 2 most favorably to the State, Linn's sentence for DUI, third offense, is unsupported by the evidence. We vacate her sentence for third-offense DUI and remand the cause to the district court for Hall County with direction to remand the cause to the Hall County Court for further proceedings.

REVERSED AND REMANDED.

CONNOLLY, J., dissenting.

I dissent. Reliance on both exhibits 1 and 2 is not necessary to sustain the enhancement to third-offense DUI, and for the reasons set forth below, exhibit 1 is sufficient for the enhancement.

The majority relies on the requirements for the appropriate use of prior convictions in enhancement proceedings set forth in *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994). Under *Ristau*, the State has the burden to prove prior convictions during enhancement proceedings, and may do so either by introducing transcripts of the judgments or by securing the

defendant's voluntary and intelligent admission that he was in fact convicted as alleged in the complaint. *State v. Ristau, supra; State v. Smyth*, 217 Neb. 153, 347 N.W.2d 859 (1984).

While *Ristau* sets forth the standard required when using prior convictions to enhance a penalty for DUI, Linn's case is easily distinguishable on its facts from the facts in *Ristau*. In *Ristau*, the defendant's second–offense conviction for DUI was reversed because the county court judge failed to ascertain whether the defendant was represented by counsel during his prior conviction. The State obtained neither the defendant's stipulation to the prior offense nor a certified copy of the prior conviction. The prosecutor merely listed the defendant's prior offense in the complaint and recited the facts of the previous offense into the record at the second–offense proceeding.

In the instant case, during the enhancement hearing on Linn's third–offense DUI, the State used exhibit 1 to prove the existence of the second–offense DUI of which Linn was convicted on October 2, 1992. Linn made no objection to the validity of the conviction contained therein. Exhibit 1 demonstrates that during the enhancement hearing on her second offense of DUI, and while represented by counsel, Linn stipulated that this was her second offense. This stipulation is recorded on the fourth page of exhibit 1. The counseled stipulation by Linn that exhibit 1 was a counseled second–offense conviction is a waiver by Linn, and Linn cannot complain or assert that the second–offense conviction was based upon an uncounseled first–offense conviction. See *State v. Ristau, supra*.

In the criminal context, this court has held that "a party who has stipulated to the admission of evidence cannot on appeal complain about evidence admitted pursuant to and in accordance with such stipulation." *State v. Roggenkamp*, 224 Neb. 914, 921, 402 N.W.2d 682, 687 (1987). Pursuant to Neb. Rev. Stat. § 39–669.07(3) (Cum. Supp. 1992) at her enhancement hearing for second–offense DUI, Linn with counsel had an opportunity to review the record of her prior conviction and make objections as to the validity of such prior conviction. Therefore, exhibit 1 was sufficient to sustain the enhancement to third offense, and exhibit 2, the unsigned

journal entry, is not necessary to prove the first conviction for DUI.

The question which this court has not previously decided is, Did Linn's counseled stipulation contained in exhibit 1 constitute a stipulation as to the constitutional validity of that conviction? The Ohio Supreme Court has addressed this issue in *State v. Adams*, 37 Ohio St. 3d 295, 525 N.E.2d 1361 (1988). In *Adams*, the defendant was indicted on one count of grand theft and four counts of passing bad checks. Prior to trial, counsel for the State and for the defendant stipulated that the defendant had two prior theft offenses. The prior theft offenses had the effect of enhancing the degree of the bad check indictments. The defendant raised no constitutional challenge at trial.

After a conviction on all counts, the defendant in *Adams* appealed, claiming that the State had failed to prove that he had been represented by counsel or had knowingly waived that right with regard to the prior convictions. The Ohio Supreme Court decided that the defendant's stipulation as to the fact of his prior convictions was a stipulation that the prior convictions were constitutionally sufficient. The court noted that the defendant had failed to challenge the constitutionality of the prior convictions at trial and announced that the only appropriate time to raise the issue of the constitutionality of prior convictions is at the enhancement proceeding. If the defendant fails to do so, the challenge is waived.

I find the reasoning of the Ohio Supreme Court persuasive. Therefore, I conclude that the counseled stipulation found in exhibit 1 is sufficient to prove Linn's previous conviction for second–offense DUI and that the stipulation overcomes any constitutional attack on the prior convictions. Reliance on exhibit 2, the unsigned journal entry of another second–offense conviction, is completely unnecessary to prove the enhancement to third–offense DUI. I would affirm the decision of the district court.

WRIGHT, J., joins in this dissent.