STATE OF NEBRASKA, APPELLEE,
v. BARRY W. FLETCHER, APPELLANT.
596 N.W.2d 717

Filed June 22, 1999. No. A-98-981.

James R. Mowbray and Kelly S. Breen, of Nebraska Commission on Public Advocacy, for appellant.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

IRWIN, Chief Judge, and MUES and INBODY, Judges.

MUES, Judge.

## I. INTRODUCTION

Barry W. Fletcher appeals his conviction for third degree assault of an officer, alleging that the trial court erred in denying

him his Sixth Amendment right to counsel of his choice and in failing to instruct the jury as to the State's burden of proof regarding the use-of-force defense. He also alleges that he was denied effective assistance of counsel at his enhancement hearing. Finding Fletcher's assignments of error to be without merit, we affirm.

## II. BACKGROUND

On September 12, 1997, Fletcher was charged by amended information with third degree assault on an officer and being a habitual criminal. These charges stemmed from an incident on July 24, 1997, in which Lincoln police officers dressed in street clothes arrested Lee Wallace on an outstanding warrant. Wallace tried to hand something to Fletcher, who was standing right beside her. Officer Gregory Sims grabbed the item Wallace was trying to hand to Fletcher and instructed Fletcher to remain where he was because Sims needed to talk to him. At no point did Sims identify himself as a police officer. Fletcher began to back away, and Sims grabbed him. The two stumbled as Fletcher tried to run away. As they struggled, Fletcher turned around and struck Sims on the left side of his face with his hand. The two continued to struggle, with Sims eventually receiving assistance from other officers dressed in street clothes.

During the struggle, while Sims was attempting to control Fletcher, Fletcher spun around, and Sims' knee buckled, causing Sims to suffer a torn anterior cruciate ligament in his right knee. Sims required surgery and 2 months of physical therapy. He was off work for 6 weeks and was able to perform only light duty assignments for an additional 2½ months. His medical bills were $33,374.93.

The jury found Fletcher guilty. After a presentence investigation and an enhancement hearing, in which the court found Fletcher had two prior felony convictions, he was sentenced to 10 years' imprisonment. He timely appeals. The facts pertinent to each assignment of error will be discussed below.

## III. ASSIGNMENTS OF ERROR

Fletcher alleges that he was denied effective assistance of counsel at his enhancement hearing and that the trial court erred in denying him his Sixth Amendment right to counsel of his

choice and in failing to instruct the jury as to the State's burden of proof regarding his justification in using force to defend himself and others.

## IV. STANDARD OF REVIEW

A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998).

In order to sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Hunt*, 254 Neb. 865, 580 N.W.2d 110 (1998).

## V. DISCUSSION

### 1. RIGHT TO COUNSEL OF CHOICE

Fletcher first argues that the trial court arbitrarily and unreasonably interfered with his right to be represented by an attorney he had retained. As a general rule, a defendant is entitled to retain counsel of his own choice and may not be denied the right to change retained counsel unless the result is to interfere with the orderly procedure in the courts without a showing of good cause for the desired change. *State v. Kincaid*, 203 Neb. 495, 279 N.W.2d 152 (1979). The right to counsel accorded defendants in criminal trials cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Id.* We must therefore determine if Fletcher's attempt to have trial continued to allow the appearance and preparation by retained counsel denied him his right to be represented by counsel of his choice.

### (a) Facts

Fletcher first appeared with his hired attorney, Mary Wickenkamp, on October 1, 1997. Because Fletcher could no longer afford to pay her fees and Fletcher and Wickenkamp were having some disagreement as to defense strategy, Wickenkamp

moved to withdraw on January 26, 1998. The court granted her leave to withdraw and appointed the public defender to represent Fletcher. At that point, trial was set to begin within 2 or 3 days.

The next day, on January 27, 1998, the public defender moved to continue the trial because of the late appointment. Fletcher waived his right to a speedy trial, and the court continued the matter until the jury term beginning February 23. On February 18, the public defender, Michael Gooch, filed another motion to continue. Subsequently, at least 10 motions were filed and a hearing, pursuant to *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), was held on April 23.

On July 6, 1998, the matter came on for trial. Gooch indicated readiness for trial but had "one small problem that we need to alert the Court to." Gooch then announced that Fletcher had retained counsel, who was there to enter his appearance. The new attorney, Ted Vrana, stated that he had been retained late the previous week by Fletcher's family and admitted that he was not ready to proceed on Fletcher's behalf. However, Vrana stated that he was there "to at least make inquiry into this matter . . . . But I do want the Court to know I'm entering an appearance on his behalf." The court then stated, "If you make any appearance on his behalf, this case is set for trial today to start at nine-thirty." The court then attempted to reconcile Vrana's comments that he was entering an appearance but was not ready to proceed. The court stated that it would "listen to arguments, but there is a possibility, if not a probability, that it will be tried today."

After conferring with Gooch, Vrana withdrew his appearance. Gooch then moved for a continuance because an essential witness was unavailable. The court continued the trial for 1 week, with Gooch opining that Vrana would be entering an appearance because the matter was continued. The trial began 1 week later, July 13, 1998, with Gooch appearing on Fletcher's behalf. At the beginning of trial, prior to voir dire, the judge noted that Vrana had called him that morning wondering about a continuance. The court stated that it told Vrana that the case would be tried at 9:30 that day. The court noted that Vrana had not entered his appearance as an attorney of record. Gooch moved for a continuance based on the situation with Vrana and Fletcher's desire

that Vrana represent him. The motion was denied, the court stating that Vrana had "had a week now to get ready, in whatever manner he needed to, to try . . . this case or to come forward before me and give me reasons why he could specifically not try this case."

### (b) Analysis

Fletcher relies heavily on *Linton v. Perini*, 656 F.2d 207 (6th Cir. 1981). In that case, the U.S. Court of Appeals for the Sixth Circuit determined that the defendant was unconstitutionally denied his right to select counsel of his own choice without sufficient reason. There, the defendant was forced to go to trial with an appointed attorney after the court refused to grant a continuance to the retained attorney who asserted he could not adequately prepare the case in the 10 days remaining before trial. However, that case is clearly distinguishable. In *Linton*, there was only a 10-day period between the defendant's arraignment and his trial. Retained counsel moved to continue the matter for a couple of weeks in order to prepare because he already had commitments during this 10-day period. The court denied the continuance. Retained counsel withdrew, and the court appointed counsel. Appointed counsel subsequently asked for a continuance on two separate occasions, and both were denied. The Sixth Circuit determined that the State had not met its burden of showing that the denial of the continuance was reasonable and that the defendant had established a denial of his right to be represented by counsel of his own choice.

In the instant case, as of July 6, 1998, the matter had been before the trial court for 9 months, the court had already granted Fletcher a continuance when Wickenkamp had to withdraw due to a conflict in strategy, and 5 months had passed since Gooch had been appointed. Only on the morning of trial did Fletcher retain Vrana who then appeared but withdrew his appearance the same day. Even the *Linton* court acknowledged that a trial court has the right to reasonably control its calendar and that a defendant may not use the right to choice of counsel to unreasonably delay trial. The exercise of the right to the assistance of counsel is subject to the necessities of judicial administration. *State v. Richter*, 221 Neb. 487, 378 N.W.2d 175 (1985).

■ The *Richter* court, citing *United States v. Arlen*, 252 F.2d 491 (2d Cir. 1958), found that a defendant able to retain counsel is entitled to a reasonable time to secure counsel, but he may not indefinitely postpone trial by continued applications for more time to seek representation. The court found that whether to grant additional time to seek counsel is within the discretion of the trial court. Every person accused is entitled to an opportunity to prepare for trial, but the opportunity is not unlimited. *State v. Peterson*, 183 Neb. 826, 164 N.W.2d 649 (1969) (court denied defendant continuance when defendant had been out on bond for 3 weeks, stating defendant could have secured attorney during that time). See, also, *State v. Neal*, 231 Neb. 415, 436 N.W.2d 514 (1989) (defendant had ample time to secure new counsel during 5 months between arraignment and time continuance was made on day before trial); *State v. Coleman*, 190 Neb. 441, 208 N.W.2d 690 (1973) (criminal defendant cannot discharge counsel on eve of trial and seek continuance without good cause; such requests cannot be used to achieve delay). Retaining private counsel as a substitute for appointed counsel does not compel the granting of a continuance. *State v. Sack*, 239 Neb. 690, 477 N.W.2d 921 (1991).

■ A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998). Where a criminal defendant's motion for continuance is based upon the occurrence or nonoccurrence of events within the defendant's own control, denial of such motion generally is not an abuse of discretion. *State v. Perez*, 235 Neb. 796, 457 N.W.2d 448 (1990). Fletcher had ample opportunity to hire counsel of his choice during the 5 months Gooch represented him. He chose not to do so until the eve of trial.

### (c) Conclusion

We cannot say that the trial court abused its discretion in denying Fletcher's motion for a continuance, especially in light of the fact that for other reasons, the case was continued for 1 week and Vrana thereafter made no further appearance and made no showing why he was then not prepared to proceed to trial. This assignment of error is without merit.

## 2. Jury Instructions

Fletcher argues that the State has the burden of proof as to whether he lacked justification for the use of force in the defense of himself or others. He contends that the trial court's failure to instruct the jury accordingly constitutes plain error.

Fletcher has failed to provide a record complete with jury instructions. It is incumbent upon the party appealing to present a record which supports the errors assigned; absent such a record, the decision of the lower court will generally be affirmed. *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995). We are not advised of what instructions were given to the jury. This assignment of error can be discussed no further.

## 3. Effective Assistance of Counsel at Enhancement Hearing

■ Fletcher's final argument is that he was denied effective assistance of counsel at his enhancement hearing. To sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution, a defendant must show that counsel's performance was deficient and that such deficient performance prejudiced the defendant, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Hunt*, 254 Neb. 865, 580 N.W.2d 110 (1998); *State v. Greer*, 7 Neb. App. 770, 586 N.W.2d 654 (1998).

Fletcher argues that Gooch was ineffective at the enhancement hearing because after lodging appropriate objections to the State's offer of exhibits 6, 7, and 8 to prove Fletcher's prior convictions, Gooch then called Fletcher to testify. During this testimony, Fletcher alleges that Gooch elicited from him all the facts necessary to enhance his sentence under the habitual criminal statute, Neb. Rev. Stat. § 29-2221 (Reissue 1995). Fletcher alleges that but for the testimony elicited by Gooch, the necessary facts to enhance his conviction were unproven, i.e., not established by exhibits 6, 7, and 8.

Fletcher argues that Gooch's calling of Fletcher was an attempt to collaterally attack the prior convictions on a ground clearly prohibited by *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d

380 (1995), and that this strategy "abandoned" the prior valid objections to exhibits 6, 7, and 8 and supplied the State with otherwise insufficient proof of Fletcher's prior convictions. Brief for appellant at 14. Fletcher concludes that Gooch was ineffective because "reasonably schooled members of the bar would certainly discover the applicable cases in research on the issue of enhancement" and because "there is a reasonable probability the trial court, or an appellate court, would have found exhibits 6 thru 8 lacking in probative value under *State v. Linn*, [248 Neb. 809, 539 N.W.2d 435 (1995),] thereby resolving the enhancement issue in defendant's favor, but for trial counsel's deficient performance." Brief for appellant at 14-15.

### (a) Facts

At the enhancement hearing held on August 18, 1998, the State offered exhibits 6, 7, and 8, which were copies of papers from three prior criminal proceedings. The exhibits show that Fletcher was represented by counsel during each of the three proceedings. Exhibit 6 consists of certified copies of the complaint, commitment, and various trial docket entries. It contains a trial docket entry dated February 19, 1988, showing that upon pleading guilty to burglary on January 15, Fletcher was sentenced by the Otoe County District Court to a period of 2 to 5 years' imprisonment. The docket entry of the sentencing contains the typed name of the judge, but not the judge's signature. Exhibit 6 also contains a commitment dated February 19, 1988. An amended commitment dated May 11, 1988, allowed Fletcher credit for time served. However, it does not bear a sheriff's return.

Exhibit 7 consists of certified copies of the information, commitment, and what appears to be a computer printout of minute entries, including the sentencing. None of the minute entries are signed by a judge. The entries show that Fletcher pled guilty to possession of marijuana weighing more than 1 pound on May 10, 1988, and was sentenced and committed to 1 year's imprisonment on June 2.

Exhibit 8 consists of certified copies of the information, commitment, and a computer printout entitled "Judges Minutes," which includes the sentencing. Again, none of these "minute"

entries are signed by the judge. The entries show that Fletcher pled guilty to burglary on September 8, 1993, and was sentenced and committed to the Nebraska Department of Correctional Services for 5 to 10 years' imprisonment on October 26.

Gooch objected to all three exhibits on the basis that "the commitment is not signed by the judge, and therefore they're not admissible for enhancement purposes" and to exhibits 6 and 7 on the basis of *State v. Lieberman,* 222 Neb. 95, 382 N.W.2d 330 (1986), explaining that the "matters were done out of order and therefore cannot be used for enhancement." The trial court received all three exhibits "over the defendant's objection."

Gooch then called Fletcher, who acknowledged the prior convictions, but testified that the various rights waived by entering a plea of guilty were not explained to him with regard to the convictions contained in exhibits 6 and 7. With regard to exhibit 8, Fletcher testified that it was never explained to him that the conviction reflected therein could be used as enhancement against him in the future if he had another conviction. The court found the evidence sufficient to prove that Fletcher had twice been previously convicted of felonies and found Fletcher to be a habitual criminal.

### (b) Analysis

In a proceeding to enhance a punishment because of prior convictions, the State has the burden to prove such prior convictions. *State v. Ristau,* 245 Neb. 52, 511 N.W.2d 83 (1994). Section 29-2221 provides in pertinent part:

> (1) Whoever has been twice convicted of a crime, sentenced, and committed to prison . . . for terms of not less than one year each shall, upon conviction of a felony committed in this state, be deemed to be an habitual criminal and shall be punished by imprisonment . . . for a mandatory minimum term of ten years and a maximum term of not more than sixty years.

Neb. Rev. Stat. § 29-2222 (Reissue 1995) provides that "a duly authenticated copy of the former judgment and commitment . . . shall be competent and prima facie evidence of such former judgment and commitment." In a criminal case, the judgment is the sentence. *State v. Campbell,* 247 Neb. 517, 527 N.W.2d 868 (1995).

 There is no requirement that the State prove a prior conviction by a transcript of the judgment if the defendant admits that he was in fact convicted as alleged in the complaint. *State v. Linn*, 248 Neb. 809, 539 N.W.2d 435 (1995); *Ristau, supra.* However, the State cannot meet its burden to prove a prior conviction in an enhancement proceeding with a judgment that would have been invalid to support a sentence of imprisonment in the first instance. *Ristau, supra.*

The essence of Fletcher's argument is that calling Fletcher to testify was ineffective assistance of counsel and that he was prejudiced, because absent his testimony, the State's proof of his prior convictions would have been found insufficient to establish him as a habitual criminal under § 29-2221 for sentencing purposes. The State contends the record is not sufficient for us to review this assigned error on direct appeal. See *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998) (claims of ineffective assistance of counsel raised for first time on direct appeal do not require dismissal ipso facto; determining factor is whether record is sufficient to adequately review question; when issue has not been raised or ruled on at trial court level and matter necessitates evidentiary hearing, appellate court will not address matter on direct appeal). We believe the record is sufficient for us to consider the effectiveness of counsel issue on this direct appeal.

In order to sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Hunt*, 254 Neb. 865, 580 N.W.2d 110 (1998). The two prongs of the test stated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), may be addressed in either order. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *State v. Marshall*, 253 Neb. 676, 573 N.W.2d 406 (1998). Where a defendant is unable to demonstrate sufficient prejudice, no examination of whether counsel's per-

formance was deficient is necessary. *State v. Tlamka*, 7 Neb. App. 579, 585 N.W.2d 101 (1998). Thus, we begin our discussion by addressing the prejudice prong.

Fletcher's argument is that Gooch "filled in" serious omissions in the State's case. As part of this claim, Fletcher contends that prior "valid objections" had been made to the State's exhibits by Gooch. Brief for appellant at 14. However, Fletcher does not assign the admission of these exhibits as error. Indeed, he does not argue that they were inadmissible, his argument being instead that the exhibits alone were insufficient to prove him a habitual criminal under § 29-2221. Moreover, the objections below were based on *State v. Lieberman*, 222 Neb. 95, 382 N.W.2d 330 (1986), and on the failure of the commitments to bear the judge's signature, not on *Linn, supra*, and the failure to reflect the rendering of a judgment, the flaw now complained of. Fletcher does not now contend that *Lieberman* or the lack of a signed commitment renders the exhibits deficient as evidence of prior convictions. Nor does Fletcher assert that Gooch was ineffective for failing to raise the *Linn* argument below. With our attention now focused, we turn to Fletcher's argument.

Fletcher argues that exhibits 6, 7, and 8, which comprise the whole of the State's evidence on his habitual criminal status, fail "to reflect the court's act of rendering judgment by the judge's signature under court seal," even though they are certified by the appropriate court clerk that the documents were " 'true and correct.' " Brief for appellant at 14. As support for this argument, he cites only *State v. Linn*, 248 Neb. 809, 539 N.W.2d 435 (1995).

*Linn* was an appeal from the district court on appeal from the county court. The Nebraska Supreme Court found that the county court's two-page checklist titled "Journal Entry," which was certified to be a true copy by the county court clerk but was not signed by the judge, failed to reflect the judicial act of rendering judgment and was insufficient to prove an earlier 1992 conviction for purposes of sentence enhancement in a driving under the influence of alcohol (DUI) case. As part of the Supreme Court's rationale, it observed that a court "clerk's certification stamp attesting to the accuracy of the copy provided is of little value in weighing the document's probative weight

when its contents are not supported by a judge's signature." *Id.* at 813, 539 N.W.2d at 438.

Fletcher asks us to apply the rationale of *Linn, supra,* and to conclude that the State's evidence was insufficient to prove the earlier convictions for enhancement purposes because of the absence of a judge's signature. Fletcher fails to specify which of the many unsigned documents included in each of the exhibits required the judge's signature, but we presume he references the trial docket in exhibit 6 and the "Judges Minutes" in exhibits 7 and 8.

At the time of the relevant conviction in *Linn,* Neb. Rev. Stat. § 25-2729 (Reissue 1989), addressing appeals from county court judgments, provided:

> The time of rendition of a judgment or making of a final order is the time at which the action of the judge in announcing the judgment or final order is noted on the trial docket or, if the action is not noted on the trial docket, the time at which the journal entry of the action is filed.

We note that § 25-2729 was amended effective September 1995 (after *Linn* was released) to add the phrase "signed by the judge and" immediately before the last word "filed." See § 25-2729 (Reissue 1995).

*Linn* involved a county court judgment. The instant case involves district court judgments. Regarding district court judgments, at times relevant hereto, Neb. Rev. Stat. § 25-1301 (Reissue 1995) provided as follows:

> (1) A judgment is the final determination of the rights of the parties in an action.
>
> (2) Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action.
>
> (3) Entry of a judgment is the act of the clerk of the court in spreading the proceedings had and the relief granted or denied on the journal of the court.

Section 25-1301 was recently amended by 1999 Neb. Laws, L.B. 43. However, the version relevant here does not expressly provide that rendition or entry of a district court judgment

requires a judge's signature. Of course, neither did §25-2729 expressly require such a signature to render or make county court judgments or orders at the time relevant to the decision in *State v. Linn*, 248 Neb. 809, 539 N.W.2d 435 (1995). But the issue presented directly to us in this appeal, just as it was in *Linn*, is not whether the relevant records constituted the rendering or entering of a judgment for purposes of the cited statutes; rather, the question is whether the State's evidence is of sufficient probative value to prove earlier convictions. We do not read *Linn* as holding as a matter of law that to be sufficient as evidence of a prior conviction for enhancement purposes, a judge's signature need appear on the judgment of conviction.

In *Linn*, there was an unsigned journal entry, a document customarily prepared by or for a judge and bearing his or her signature. Indeed, a similar journal entry evidencing a prior DUI conviction involved in that case was, in fact, signed. The absence of a judge's signature on the journal entry in question thus raised reasonable concerns on whether it could be relied upon to prove that it was what the State claimed: a conviction. See Neb. Rev. Stat. § 27-901 (Reissue 1995) (authentication is satisfied by evidence sufficient to support finding that matter is what it is claimed to be). The *Linn* court stated: "In order to establish evidence's sufficient probative force to prove an earlier conviction for the purpose of sentence enhancement, the evidence must, with some trustworthiness, reflect a court's act of rendering judgment." 248 Neb. at 812, 539 N.W.2d at 438.

Thus, we frame the dispositive question to be whether the State's evidence in this case was sufficient to establish with some trustworthiness a district court's act of rendering at least two prior judgments of convictions. See *id.* If it was, then Fletcher's taking the stand did no more than duplicate probative evidence of his prior convictions, and no prejudice resulted from Gooch's calling Fletcher to testify.

We believe the State's evidence in this case established with some trustworthiness the required convictions. First, unlike the DUI conviction addressed in *Linn, supra*, here there is a statutory "recipe" for proving former judgments and commitments for habitual criminal purposes. The Legislature has expressly provided that a duly authenticated copy of the "former judgment

and commitment" is competent and prima facie evidence thereof. See § 29-2222. Here, the State's evidence consisted of authenticated copies of prior criminal proceedings establishing that Fletcher had been previously incarcerated on multiple occasions for felony convictions.

Second, unlike *Linn, supra,* we are not presented with a journal entry with a place provided for a signature, but no signature in place. Instead, we have unsigned trial docket entries where the absence of a signature is not unusual. Indeed, § 25-1301(2) allows a notation on the trial docket to be made *at the direction of* the judge. Moreover, notations of judgments on a trial docket, when accompanied by oral pronouncements in open court, are deemed to constitute the rendering of a judgment under § 25-1301 (Reissue 1995). See *Dvorak v. Bunge Corp.*, 256 Neb. 341, 590 N.W.2d 682 (1999). Compare 1999 Neb. Laws, L.B. 43. While a record containing a bill of exceptions of the sentencing proceedings *and* a trial docket entry, or one containing a signed journal entry of the sentencing, might be of *greater* probative force than an unsigned trial docket entry standing alone, we do not believe the omission of such a bill of exceptions or such signed journal entry in this case is fatal to the State's prima facie case.

Finally, in this case, each of the State's exhibits is accompanied by a certification from the clerk of the district court and the judge of the district court. Appropriate record evidence of a prior counseled conviction and commitment for enhancement purposes is a duly authenticated copy thereof. See *State v. Britt*, 1 Neb. App. 245, 493 N.W.2d 631 (1992); § 29-2222.

In sum, the State's evidence shows with satisfactory trustworthiness that Fletcher has been convicted of a felony on at least two prior occasions, each of which resulted in a sentence of at least 1 year's imprisonment. Thus, the State properly met its burden of proving Fletcher to be a habitual criminal under § 29-2221.

### (c) Conclusion

The State's enhancement evidence was sufficient in itself to establish that Fletcher was a habitual criminal under § 29-2221.

Fletcher suffered no prejudice from Gooch's calling him as a witness. This assignment of error is meritless.

## VI. CONCLUSION

Fletcher was not denied a right to counsel of his choice by the district court's denial of his request for a continuance of trial to allow Vrana to appear. The record presented does not allow our review of the jury instruction issue. Based on the record, we find Fletcher suffered no prejudice from Gooch's calling him as a witness at the enhancement hearing.

AFFIRMED.