IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. KENYIBA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
PAUL B. KENYIBA, APPELLANT.

Filed December 24, 2013.    No. A-13-459.

Appeal from the District Court for Lancaster County: STEPHANIE F. STACY, Judge. Affirmed.

Dennis R. Keefe, Lancaster County Public Defender, and Elizabeth Elliott for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

INBODY, Chief Judge, and IRWIN and RIEDMANN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Paul B. Kenyiba appeals his plea-based conviction of driving under the influence (DUI), third offense, with a breath alcohol concentration of .15 or greater. Kenyiba asserts that his two prior DUI convictions from Kentucky are not valid for purposes of enhancement and that the district court imposed an excessive sentence. Because we find no merit to Kenyiba's arguments on appeal, we affirm.

BACKGROUND

On March 31, 2012, at approximately 11:25 a.m., an Officer Dolberg of the Lincoln Police Department observed a Chrysler Sebring traveling westbound on Adams Street between 3d and 4th Streets in Lincoln, Lancaster County, Nebraska. The vehicle crossed the centerline with both driver's side tires, then collided with the curb on the north side of Adams Street. The vehicle did not have license plates or in-transit tags. Officer Dolberg initiated a traffic stop and identified the driver as Kenyiba. Officer Dolberg detected a strong odor of alcohol coming from

the vehicle and observed that Kenyiba had red, bloodshot, and watery eyes. Officer Dolberg asked Kenyiba to step out of the vehicle and noticed that Kenyiba staggered, swayed, and stumbled as he walked. Kenyiba failed a preliminary breath test and was taken into custody. The result of Kenyiba's subsequent chemical breath test was .272 grams of alcohol per 210 liters of his breath.

Kenyiba was charged with DUI with a breath alcohol concentration of .15 or greater. The information also alleged that Kenyiba had two prior DUI convictions for offenses that occurred in Jefferson County, Kentucky, on January 24 and March 9, 2007. Kenyiba pled no contest to the underlying offense of DUI, .15 or greater, in exchange for the State's promise not to file any additional charges arising out of this incident. The district court accepted Kenyiba's plea and found him guilty beyond a reasonable doubt.

An enhancement hearing was held in the district court, during which the State introduced certified copies of court documents reflecting Kenyiba's two prior Kentucky DUI convictions. Exhibit 1 is a "Daily Disposition Report" from Jefferson District Court reflecting two separate cases, 07-T-007094 and 07-T-022817, in which Kenyiba appeared with counsel, entered guilty pleas, and was sentenced for "Op MV Under/Influence of Alcohol/Drugs, etc. .08 1st off." Exhibits 2 and 3 contain court-certified copies of the "guilty plea" form and uniform citation for each case, which indicate that Kenyiba was arrested for DUI on January 24 and March 9, 2007, and pled guilty to both offenses on March 14.

Kenyiba did not object to the admission of these exhibits into evidence, but he did object to the validity of the prior convictions for enhancement. Kenyiba argued that the exhibits failed to clearly show the offenses to which he pled and whether there were two separate convictions. The district court found that both of the prior convictions were valid for enhancement purposes and enhanced Kenyiba's current DUI to a third offense, a Class IIIA felony. The district court sentenced Kenyiba to 3 to 5 years' imprisonment and revoked his driver's license for 15 years. Kenyiba timely appeals.

## ASSIGNMENTS OF ERROR

Kenyiba alleges the district court erred in permitting the use of his prior Kentucky DUI convictions for purposes of enhancement under Neb. Rev. Stat. § 60-6,197.02(1)(a)(i)(C) (Cum. Supp. 2012). He also alleges that the sentence imposed by the district court was excessive and constituted an abuse of discretion.

## STANDARD OF REVIEW

A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. *State v. Mitchell*, 285 Neb. 88, 825 N.W.2d 429 (2013).

Viewing and construing the evidence most favorably to the State, an appellate court will not set aside a finding of an earlier conviction used for sentence enhancement which is supported by relevant and competent evidence. *State v. Linn*, 248 Neb. 809, 539 N.W.2d 435 (1995).

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Kinser*, 283 Neb. 560, 811 N.W.2d 227 (2012).

ANALYSIS

*Enhancement.*

Kenyiba first asserts that the district court erred in finding that his prior Kentucky DUI convictions were valid for enhancement. He argues that Exhibits 1, 2, and 3 fail to show with any degree of trustworthiness the actual charges of which he was convicted. We find that Kenyiba's prior convictions are supported by relevant and competent evidence and that the district court properly enhanced his conviction to a third offense.

In a proceeding to enhance punishment because of prior convictions, the State has the burden of proving such prior convictions by a preponderance of the evidence. *State v. Dixon*, 282 Neb. 274, 802 N.W.2d 866 (2011); *State v. Alford*, 278 Neb. 818, 774 N.W.2d 394 (2009).

Under Nebraska law, a DUI conviction from another state is valid for enhancement if it was committed within the 15-year period prior to the current offense and, at the time of the prior conviction in the other state, the offense for which the person was convicted would have been a violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010). See § 60-6,197.02(1)(a)(i)(C). However, the State does not have the initial burden of showing a substantial similarity of every element of the respective DUI laws or that the facts surrounding the prior conviction would have resulted in a violation of Nebraska DUI laws as they existed at that time. *State v. Garcia*, 281 Neb. 1, 792 N.W.2d 882 (2011). Section 60-6,197.02(2) simply requires the State to present a court-certified copy or an authenticated copy of a prior conviction in another state as prima facie evidence of such prior conviction. See *State v. Garcia, supra.* The convicted person shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions. § 60-6,197.02(3).

The Nebraska Supreme Court recently analyzed these statutes in *Garcia* and held:

> The prosecution presented prima facie evidence of [the defendant's] prior convictions by presenting a certified copy of his California DUI convictions, which . . . the State demonstrated were counseled. The burden thus shifted to [the defendant] to produce evidence rebutting the statutory presumption that those documents did not reflect that an "offense for which the person was convicted would have been a violation of section 60-6,196."

281 Neb. at 13, 792 N.W.2d at 892, quoting § 60-6,197.02(1)(a)(i)(C).

Here, the State presented court-certified documents from Jefferson District Court in Kentucky reflecting two separate DUI convictions in case Nos. 07-T-007094 and 07-T-022817. The "Daily Disposition Report" shows that on March 14, 2007, Kenyiba appeared with counsel, entered guilty pleas, and was sentenced in both cases for the offense of "Op MV Under/Influence of Alcohol/Drugs, etc. .08 1st off." This report lists a specific citation number for each case, which correspond to the uniform citations contained in exhibits 2 and 3. The uniform citations show that Kenyiba was arrested for "DUI" on January 24, 2007, and again on March 9, 2007. The State also presented the signed "guilty plea" forms, in which Kenyiba admitted guilt in each case for the offense of "DUI 1st No Agg." All of these documents were court-certified and established prima facie evidence of the convictions. See, § 60-6,197.02(2); *State v. Garcia,*

*supra.* Kenyiba did not produce any evidence rebutting the statutory presumption that those convictions would have been a violation of Nebraska DUI laws as they existed at the time.

We agree that the exhibits offered by the State establish by a preponderance of the evidence that Kenyiba was convicted of two DUI's in Kentucky for offenses that occurred on January 24 and March 9, 2007, and that Kenyiba was represented by counsel during all critical stages of those proceedings. Therefore, we agree that both convictions were valid for purposes of enhancement, and the district court did not err when it enhanced Kenyiba's current DUI to a third offense.

*Excessive Sentence.*

Kenyiba asserts that the sentence imposed by the district court is excessive and constitutes an abuse of discretion. He argues that the district court failed to give proper weight to all of the facts and circumstances surrounding his life and that the sentence imposed exceeds what is necessary for his rehabilitation and the protection of the public. We find no merit in these arguments.

Kenyiba was convicted of DUI, third offense, with a breath alcohol concentration of .15 or greater, which is a Class IIIA felony punishable by a minimum of 180 days in jail and a maximum of 5 years' imprisonment, a $10,000 fine, or both, as well as a mandatory 15-year license revocation. Neb. Rev. Stat. §§ 28-105 and 60-6,197.03(6) (Cum. Supp. 2012). Kenyiba's sentence of 3 to 5 years' imprisonment is well within the statutory limits for this offense.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dinslage*, 280 Neb. 659, 789 N.W.2d 29 (2010).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime. *Id.* But the appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The presentence report reflects that Kenyiba came to the United States from Sudan in 2003. In that short period of time, he has accumulated at least 14 criminal convictions in three different states, not counting the numerous criminal charges on his record for which the disposition is unknown. His prior convictions include resisting/obstructing an officer, harassment, disorderly conduct, two DUI's, theft by deception, attempted assault by a confined person, assault by mutual consent, trespassing, leaving the scene of an accident, destruction of property, disturbing the peace, failure to appear, and refusing to submit to a chemical test. Additionally, Kenyiba was arrested less than 1 week after he committed the current offense for another DUI with refusal to submit to a chemical test, willful reckless driving, and leaving the scene of an accident.

The district court reviewed the presentence report and considered the appropriate factors in imposing Kenyiba's sentence. The district court noted that Kenyiba had refused to recognize

the seriousness of his alcohol problem or seek treatment, and concluded that incarceration was necessary to protect the community from his continued drinking and driving.

We cannot say that the district court abused its discretion by imposing a sentence within the statutory range.

## CONCLUSION

The district court did not err in using Kenyiba's prior Kentucky DUI convictions to enhance his conviction to a third offense. Kenyiba's sentence was within statutory limits and was not an abuse of discretion. Accordingly, we affirm.

AFFIRMED.